GEORGE H. DAVIS & others *vs.* SMITH AMERICAN ORGAN
COMPANY.

Suffolk.    March 24. — April 1, 1875.    AMES & DEVENS, JJ., absent.

Upon a contract in writing by which the subscribers agree, "each with the other,
that they will contribute towards any deficiency that may arise towards defraying
the expenses of a musical festival to be held at a time and place named, in such
proportions as the subscription of each bears to the whole amount subscribed, pro-
vided that no subscription shall be binding until a certain sum has been subscribed,
and that no expenditure shall be incurred except under the authority of an execu-
tive committee, which shall represent the subscribers and be chosen in the manner
prescribed, an action may be maintained in the name of the executive committee,
after all the requirements of the agreement have been complied with, and a loss
exceeding the whole amount subscribed has been incurred, to recover against a
subscriber the amount subscribed by him.

CONTRACT on the following agreement dated January 23,
1872, and signed by the defendant for $5000, and by others :

" We, the undersigned subscribers, hereby agree, each with
the other, that we will contribute towards any deficiency (should
there be any) that may arise towards defraying the expenses of
the World's Peace Jubilee and International Musical Festival, to
be held in Boston, commencing on the 17th June and closing on
the 4th of July next, in such proportions as the amounts affixed
to our several names bear to the whole amount subscribed ; pro-
vided that no subscription be binding until the whole amount
subscribed shall reach the sum of two hundred thousand dollars,
and that no expenditure be incurred except under the authority
of the executive committee, which committee shall represent
the subscribers, and consist of ten or more persons, who may be
chosen by the first six subscribers hereto."

The first count of the declaration alleged that before the said
seventeenth day of June the plaintiffs were chosen, in accordance
with the provisions of the agreement, a copy whereof was an-
nexed, and were associated together as the executive committee
therein mentioned ; that the total subscription thereon amounted
to the sum of $200,000 and upwards ; that the defendant sub-
scribed thereto in the sum of $5000 ; that the plaintiffs per-
formed all things required of them as such executive committee,
and relying upon the guaranty afforded them by the agreement,

and upon the defendant's promise in the premises, prepared and carried out the said festival, incurring great expense therein, and no expenditure was incurred except under the authority of the plaintiffs ; that the festival resulted in a very large pecuniary loss, to wit : of more than $250,000, which the plaintiffs were liable to pay, and most of which they have already paid ; and that the defendant refused upon notice and demand to pay to the plaintiffs the said sum of $5000.

The second count contained the foregoing allegations, and also alleged that the subscribers entered into the agreement in consideration of the mutual promises of the subscribers, and also that each subscriber should be entitled to have, free of charge, from the executive committee, one season ticket to the festival, of the value of one hundred dollars, for each five hundred dollars subscribed, and that the plaintiffs delivered to the defendant the ten season tickets to which it was entitled, and that it accepted the same.

The defendant demurred to the declaration, and assigned for cause of demurrer, that it did not appear by the alleged contract that the defendant made any promise to pay these plaintiffs, as alleged in the declaration.

In the Superior Court the demurrer was sustained and judgment entered for the defendant ; and the plaintiffs appealed.

*R. D. Smith,* for the defendant.

*W. A. Field & M. F. Dickinson, Jr.,* for the plaintiffs, were not called upon.

MORTON, J. The first ground of demurrer assigned by the defendant is, that it does not appear by the contract, whereon the plaintiffs rely, that the defendant made any promise to pay these plaintiffs. We are of opinion that this ground cannot be sustained.

The contract provides for the appointment of an executive committee, who are to represent all the subscribers, and who alone can make any expenditures or incur any liabilities. The manifest purpose of the agreement was to guarantee the committee against any losses they might incur in carrying on the musical festival. The promise of each subscriber to contribute towards any deficiency which might arise could not have been intended to operate as a promise to each other subscriber, or to

the whole body of subscribers, to pay him or them the agreed proportion of any deficiency, because no one but the committee could make any expenditures, and thus lay the foundation for any claim for contribution under the contract. Though the agreement of the subscribers is, in form, " each with the other,' it is by reasonable implication, and in substance, a common agreement of all the subscribers with the executive committee, to pay to the committee, in the proportions and to the extent agreed, any loss which they might incur in carrying on the contemplated enterprise. This construction alone will carry out the purpose of the contract and the intentions of the parties. *Athol Music Hall Co.* v. *Carey*, 116 Mass. 471.

*Demurrer overruled.*