WILLIAM U. SHERWIN & others, trustees, *vs.* SAMUEL W. FLETCHER.

Middlesex.   March 10, 1897. — May 21, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Validity of Subscription to Agreement before Withdrawal by Subscriber —
Consideration.*

A written agreement to subscribe money for the erection of a building, signed by A. and others, which agreement is virtually a promise to pay to such person or persons as shall be fixed at a meeting of the subscribers, is at the outset an offer; but when steps are taken in pursuance of a provision thereof that the details of the plan of organization and erection of the building shall be determined by a majority in number and interest of the subscribers at a meeting duly called for the purpose, and a plan is determined as therein provided and trustees are chosen, they become the promisees, and when they proceed to erect a building in reliance upon the subscriptions of A. and others, and before any withdrawal or retraction by A., that supplies a good consideration, the promise becomes valid, and A. is bound by his subscription.

CONTRACT, on the following agreement.

" We, the undersigned subscribers, do hereby agree to pay the sum set against our respective names, the same to be payable under and in accordance with the following conditions, namely:

" 1. The money by us subscribed is to be used for the purpose of erecting a building in the town of Ayer, to be used for the manufacture of boots and shoes.

" 2. The details regarding the plan under which the subscribers hereto shall organize themselves, and upon which said building shall be erected and rented, shall be hereafter fixed and determined by a majority in numbers and interest of the subscribers hereto, at a meeting to be duly called for that purpose.

" 3. No subscription hereto, shall be binding, until the sum of twelve thousand (12,000) dollars shall have been raised.

" Samuel W. Fletcher.    $200."

The declaration alleged that the defendant signed the above contract, (a copy whereof was annexed,) and thereby agreed, in consideration of other parties signing similar agreements, to pay to such person or persons as should be determined upon by the majority in numbers and interest of such subscribers the sum of two hundred dollars, upon the terms and conditions therein specified and set forth ; that the sum of twelve thousand dollars was subscribed ; that at a meeting of such subscribers duly notified and called for that purpose, it was determined by a majority in numbers and interest of the subscribers to organize, and they did so organize under the name of the " Ayer Building Association"; that the plaintiffs were duly chosen trustees, and by votes of said association were duly authorized and empowered to purchase a tract of land in the town of Ayer, and erect thereon a building for the manufacture of boots and shoes, and to collect all subscriptions ; that, relying upon the promise of the defendant, and being so authorized as aforesaid, they did purchase a tract of land in the town of Ayer and erect thereon a building for the manufacture of boots and shoes, and demanded of the defendant the amount of his said subscription, to wit, the sum of two hundred dollars, but the defendant refused and still refuses to pay the same.

The defendant demurred to the declaration, assigning as grounds therefor : 1. That it did not appear by said declaration and the contract annexed thereto that the defendant made any promise or agreement to pay the plaintiffs, or any promise or agreement upon which the plaintiffs were entitled to recover; 2. That the plaintiffs did not allege in their declaration, nor did

it appear by the contract, that there was any sufficient consideration for the defendant entering into the contract.

The Superior Court overruled the demurrer; and the defendant appealed to this court.

*J. M. Maloney*, for the defendant.

*W. H. Atwood*, for the plaintiffs.

ALLEN, J. The demurrer to the declaration was rightly overruled. The written agreement signed by the defendant was virtually a promise to pay to such person or persons as should be fixed at a meeting of the subscribers. This promise was at the outset an offer, but when steps were taken in pursuance of Article 2, and a plan was fixed and determined as therein provided, and the plaintiffs were chosen trustees, they became the promisees: and when they proceeded to erect a building in reliance upon the subscriptions of the defendant and others, and before any withdrawal or retraction by him, that supplied a good consideration, and the promise became valid and binding in law. *Athol Music Hall Co.* v. *Carey*, 116 Mass. 471. *Davis* v. *Smith American Organ Co.* 117 Mass. 456. *Cottage Street Church* v. *Kendall*, 121 Mass. 528. *Hudson Real Estate Co.* v. *Tower*, 156 Mass. 82 ; *S. C.* 161 Mass. 10.                *Judgment affirmed.*