Wright Bros. *v.* Merchants & Planters Packet Co.

[61 South. 550]

1. CORPORATIONS. *Stock subscriptions. Right to withdraw. Action on subscriptions. Liability on.*

In the absence of a special agreement to the contrary, supported by a valuable consideration, a subscription to the capital stock of a corporation, thereafter to be organized, is nothing more than an offer of a specific sum to the use of the corporation when it comes into existence and may be withdrawn at any time before the organization of the corporation.

2. CORPORATIONS. *Stock subscriptions. Liability.*

It is well settled that a subscription to the stock of a proposed corporation cannot be enforced unless a *de jure* corporation is completed, and this fact is shown by the evidence.

3. CORPORATIONS. *Action on subscriptions. Partners. Issues.*

In a suit against a partnership for subscription to the stock of a corporation, where the declaration declared upon a written contract, an instruction by the court was erroneous which permitted a recovery upon a contract which the court held would arise by implication, from the fact that one of the members of the

partnership attended a preliminary meeting of the corporation's prospective stockholders and voted therein.

4. CORPORATIONS. *Action on subscriptions. Partners. Authority of partner.*

A subscription to the stock of a corporation by one partner for the partnership is not binding on the partnership, where it does not appear that such partner was authorized by the other members of the partnership to make the subscription, nor that the ownership of stock in corporations was within the scope of the partnership business.

APPEAL from the circuit court of Warren county.

HON. H. C. MOUNGER, Judge.

Suit by the Merchants & Planters Packet Company against Wright Brothers. From a judgment for plaintiff, defendant appeals.

Certain business men of the city of Vicksburg undertook the organization of a packet company for the purpose of plying a steamboat on the Yazoo river, in order to secure better service and rates. The promotion of the undertaking was in the hands of C. J. Searles and others, who secured subscription to the capital stock of the company. Searles approached C. G. Wright, of the firm of Wright Bros., hardware merchants, and asked for a subscription, and was told by Wright that they would help and would let him know later about the amount. Searles entered the name of Wright Bros. on the subscription list, but left the amount blank. Afterwards at a meeting of the promoters, when some proposition was to be voted upon, C. G. Wright voted five hundred dollars of stock in the name of Wright Bros. This was before the organization of the corporation, and Wright claims that before organization he advised Searles that he would withdraw his subscription. The corporation was subsequently organized, and met with financial reverses, and suit was brought against the firm of Wright Bros., for the unpaid subscription appearing on the subscription list, and a judgment secured for the full amount.

On appeal the defendants assigned as error, among others, the refusal of the eleventh instruction asked by them, and the granting of instruction No. 2 asked by appellee, which are as follows:

"No. 11. The jury are instructed that, unless the evidence in this case shows to their satisfaction that the plaintiff was organized under a legal charter, they must find for the defendant; and if there is no evidence of such organization, then the jury should find for the defendant."

"No. 2. The court instructs the jury that if they believe from the evidence that the defendants attended the meeting of the stockholders, representd by Mr. C. G. Wright, and that if the jury further believes that the name of 'Wright Bros.' was called for a vote, and that Mr. C. G. Wright heard the name of 'Wright Bros.' called and voted ten shares of stock, without objecting or remonstrating, or without making it known to the other stockholders that he voted as an individual, and not for the firm of Wright Bros., then the jury will find for the plaintiff in the sum of five hundred dollars and interest, even though the jury further believes from the evidence that Mr. C. G. Wright, or the firm of Wright Bros., had not previously authorized Capt. Searles to write Wright Bros.' name on the prospectus."

*Catchings & Catchings* for appellant.

*Henry & Canizaro,* for appellee.

Counsel on both sides filed elaborate briefs too long for publication.

SMITH, C. J., delivered the opinion of the court.

Appellee instituted this suit in the court below to recover from appellants the sum of five hundred dollars, alleged to have been subscribed by them to its capital stock prior to its organization. In addition to the general

issue, appellants filed several special pleas, one of which set up that they had withdrawn their subschiption to the capital stock of appellee, and notified the promoters thereof, prior to appellee's organization as a corporation, to which plea a demurrer was interposed and sustained. This demurrer should have been overruled, for the reason that, in the absence of a special agreement to the contrary, supported by a valuable consideration, a subscription to the capital stock of a corporation, thereafter to be organized, is nothing more than an offer of a specific sum to the use of the corporation when it comes into existence, and therefore, under familiar principles of law, may be withdrawn at any time before the organization of the corporation. While there are authorities to the contrary, this view is in accord with the great weight thereof and of reason, as will appear from an examination of 1 Thompson on Corporations (2 Ed.), sec. 518; 1 Cook on Corporations, section 167; *Planters' & Merchants' Independent Packet Co.* v. *Webb,* 156 Ala. 551, 46 South. 977, 16 Ann. Cas. 529; *Bryant's Pond, etc.,* v. *Felt,* 87 Me. 234, 32 Atl. 888, 33 L. R. A. 593, 47 Am. St. Rep. 323, and authorities cited in note thereto; *Hudson Real Estate Co.* v. *Tower,* 156 Mass. 82, 30 N. E. 465, 32 Am. St. Rep. 434; *Wallace* v. *Townsend,* 43 Ohio St. 537, 3 N. E. 601, 54 Am. Rep. 829.

While this question seems not to have been heretofore presented to this court for decision, the rule as herein announced was evidently understood to be the correct one by the judges who composed the high court of errors and appeals when the case of *Hayne* v. *Beauchamp,* 5 Smedes & M. 515, was decided; for Judge SHARKEY, in delivering the opinion therein, used the following language: "But it is insisted that a distinction is to be taken between those cases in which the subscription is made to an existing corporation, and a mere subscription in view of a subsequent charter. True, there is a distinction. In the latter case the subscription, or the undertaking is not always ob-

ligatory; in the first it is," etc. And Judge CLAYTON, in his dissenting opinion, said: "Before the bank went into operation, and incurred liabilities, he [referring to a subscriber to its capital stock] might have withdrawn; to permit him to do so afterwards would, in my apprehension, violate some of the elementary principles of law and justice."

It may be that the eleventh instruction requested by appellant was properly refused by the court, for the reason that it submitted to the jury a question of law, instead of one of fact, as to which we express no opinion; but the principle announced therein is correct, for "it is well settled by the authorities that a subscription to the stock of a proposed corporation cannot be enforced unless a *de jure corporation* is completed, and this fact is shown by the evidence. It is a reasonable conclusion in cases of this character that the subscriber intended to become a stockholder in a legally organized corporation, or, in other words, a *de jure* corporation, and not in a corporation defectively organized and existing as a corporation by a species of sufferance." 1 Thompson on Corporations (2 Ed.) sec. 272.

Appellee's second instruction ought not to have been given, for the reason, among others, that it declared upon a written contract, and by this instruction was permitted to recover upon a contract which the court held would arise by implication, from the fact that one of the members of appellants' firm attended a preliminary meeting of appellee's prospective stockholders and voted therein.

It does not appear from the evidence that the ownership of stock in corporations, either in general, or in corporations of the character of the one here in question, was within the scope of appellant's business; nor does it appear that C. G. Wright was authorized by the other member of the firm to subscribe to appellee's capital stock, if he in fact did so subscribe. Consequently, he alone, in any event, can be held liable therefor.

*Reversed and remanded.*