BRIDENBECKER, Respondent, v. BRIDENBECKER, Appellant. (Supreme Court, Appellate Division, Fourth Department. September 30, 1902.) Action by Sarah J. Bridenbecker against Eliza Bridenbecker, substituted, etc.

PER CURIAM. Order modified, by requiring, as an additional condition of leave to renew the motion for new trial, the payments of the costs and disbursements upon the appeal from a prior order granting new trial herein, and, as so modified, affirmed, with $10 costs and disbursements to the appellant. Held, that payment of the costs and disbursements of the prior appeal should be included as a condition of allowing a renewal of the motion for new trial. See 77 N. Y. Supp. 802.

BROOKLYN WAREHOUSE & DRY DOCK CO., Appellant, v. McNEIL, Respondent. (Supreme Court, Appellate Division, Second Department. October 10, 1902.) Action by the Brooklyn Warehouse & Dry Dock Company against John A. McNeil. No opinion. Judgment and order affirmed, with costs.

BROWN, Respondent, v. UTICA SUBURBAN RY. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. October 17, 1902.) Action by William G. Brown against the Utica Suburban Railway Company.

PER CURIAM. Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event, unless the plaintiff stipulates to reduce the recovery, as of the date of the rendition of the verdict, to the sum of $2,500, in which event the judgment and order, as thus modified, are affirmed, without costs of this appeal to either party.

BROWNE v. COWLES. (Supreme Court, Appellate Division, First Department. October 17, 1902.) Action by Henry H. Browne against Lydia M. Cowles. No opinion. Appeal dismissed, with $10 costs.

BUCKLEY v. MAYOR, ETC., OF CITY OF NEW YORK. (Supreme Court, Appellate Division, First Department. October 17, 1902.) Action by Dennis E. Buckley against the mayor, etc., of the city of New York. No opinion. Motion denied, upon payment of $10 costs, and, upon payment of an additional $10, leave given to apply to court below to open default.

BYRNE, Respondent, v. WEIR, Appellant. (Supreme Court, Appellate Term. May, 1902.) Action by Michael Byrne against Levi C. Weir. Guthrie, Cravath & Henderson, for appellant. William J. Nicholson, for respondent.

FREEDMAN, P. J. Plaintiff sets up as his cause of action herein that he was employed by the defendant from October 1, 1901, at $50 per month, and was wrongfully discharged after the first five days in said month. In August, 1901, the plaintiff applied to the defendant for employment, and was hired as an extra man, and began work on August 26, 1901. On October 5th the plaintiff was discharged, and $8.06, the amount earned by him since the preceding pay day, was tendered him and refused. The claim of the plaintiff that he was employed by the defendant for a definite and certain time is not sustained by the testimony. The plaintiff was the only witness sworn in his own behalf. His testimony is that, when he first applied for employment, the agent of the defendant said to him: "If you want to come on here to-morrow, and show what you can do as an extra man, at the rate of $50 per month, all right; and, if you are all right, I will put you on as a regular man at the rate of $50 per month." After the plaintiff had worked until some time in September, 1901, the agent asked the plaintiff to execute a bond, and said "he had to have those filed the next day, because I was to go on as a regular man at $50 per month." Upon his cross-examination he was asked: "Q. When he said he would put you on as a regular man, what length of time did he specify? A. No; he did not specify. I went on as a trial man to see if I was able to do the work. Q. At the time when he spoke of you as a regular man, you did not understand that you were to stay a year, or three months, or any given length of time? A. No; I understood I was to go on as a regular man for $50 a month." When payments for wages had been made to plaintiff on August 31st, September 16th, and September 30th, he signed receipts therefor each of which had the following notice printed thereon in plain letters: "Employés of this company are hereby notified that they are not engaged for any particular length of time, and the company reserves the right to itself to terminate the services of any employé at pleasure, and the party executing this salary receipt does hereby acknowledge and agree to abide by such notice and conditions, and accepts employment, subject to being discharged at any time by the company or its agents." The evidence fails to show an employment for any specified time. It was a mere hiring at will, and the plaintiff could be discharged, at the option of the defendant, at any time, and the defendant would only be liable to the plaintiff for the time actually spent in its employment at the rate of wages at which he was engaged. Martin v. Insurance Co., 148 N. Y. 117–120, 42 N. E. 416. Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.

In re CAVALLUCI. (Supreme Court, Appellate Division, Second Department. October 17, 1902.) In the matter of a certain mechanic's lien, filed in the office of the clerk of the county of Westchester by Urbano Cavalluci. No opinion. Order affirmed on argument, with $10 costs and disbursements.

CITY OF ROCHESTER, Appellant, v. CULVER, Respondent. (Supreme Court, Appellate Division, Fourth Department. September 30, 1902.) Proceedings by the city of Rochester against Joseph Z. Culver. No opinion. Order affirmed, with $10 costs and disbursements.