(50 Misc. Rep. 317)

### MESSENIO v. ATCHISON, T. & S. F. RY. CO.

(Supreme Court, Appellate Term.  April 24, 1906.)

MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—MODIFICATION.

    A person applied for a position as boiler maker, on condition that he was competent.  No time was mentioned when the employment was to begin or terminate.  On examination by the master mechanic, the applicant was found incompetent, and was assigned to other work for less wages, if he so desired.  He entered on the duties assigned, and received the wages agreed on without protest.  *Held* that, as the contract of employment as boiler maker was terminable at the will of either party, the acceptance by the applicant of other work for less wages operated as a termination thereof.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Joseph Messenio against the Atchison, Topeka & Santa Fé Railway Company.  From a judgment for plaintiff, defendant appeals.  Reversed, and new trial ordered.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Crocker & Wickes (Forsyth Wickes, of counsel), for appellant.

Raymond Cotte, for respondent.

TRUAX, J.  The defendant advertised in this city for men to fill the places of its striking workmen in Arizona and California.  The plaintiff applied for the position of boiler maker.  He signed a contract, which recited that it was made upon the express understanding and condition that the answers and statements therein contained were true, and that "he was a competent boiler maker," and that "this agreement is made upon the condition of the truth of said representations."  His compensation was to be not less than 34, nor more than 38, cents per hour.  No time was mentioned when such employment was to begin or terminate.  The plaintiff was conveyed to California by the defendant, and upon his arrival there was subjected to an examination by the defendant's master mechanic, and it is clear from the testimony in the case that the plaintiff was deficient in the qualifications necessary to fill the position of a competent boiler maker.  He was informed of the result of such examination, and was told that, if he so desired, he would be assigned to work as a machinist's helper at wages of 21 cents per hour.  He thereupon entered upon the duties of that position, and remained in the defendant's employ from May, 1901, until August of that year, when he voluntarily left the service of the defendant.  He was paid in full at the rate of 21 cents per hour, and for every hour of overtime was paid at the rate of "time and a half," and he accepted such payment, seemingly without protest or claim for further remuneration. The time plaintiff worked and the amount paid him is not disputed. Upon the trial the plaintiff offered the written contract in evidence. Over the objections of the defendant, the plaintiff was allowed to offer oral testimony of conversations had prior to the making of the written agreement, which tended to vary it in several important particulars, but the testimony thus given does not seem to have entered into the computation by which the court below arrived at the judgment given in

favor of the plaintiff, as such judgment only represented the difference between the sum actually paid the plaintiff and the lowest rate he would have received under the written contract.

We think, however, the plaintiff is not entitled to recover in any event upon the facts disclosed. The contract was clearly terminable at the will of either party. Martin v. Ins. Co., 148 N. Y. 117, 42 N. E. 416; Outerbridge v. Campbell, 87 App. Div. 597, 84 N. Y. Supp. 537; Byrne v. Weir, 38 Misc. Rep. 741, 78 N. Y. Supp. 1110. When the defendant, by the examination which it had a right to make, ascertained that the plaintiff was incompetent to perform the duties of the position for which he had made application, another position was offered by the defendant and accepted by the plaintiff. The original contract was thus not only by the understanding, but by the acts, of the parties terminated, and a new one entered into, the terms of which were adopted, and the benefits received by the plaintiff. He cannot now resort to the previous written contract for the purpose of enforcing a cause of action against the defendant.

The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

(50 Misc. Rep. 628)

COSTELLO v. FORTY-SECOND. ST., M. & ST. N. AVE. RY. CO.

(Supreme Court, Appellate Term. April 24, 1906.)

1. JUDGMENT—DEFAULT—SETTING ASIDE.

On a motion to open a default judgment, based not only on affidavits, but on all the proceedings and pleadings and the inquest taken by the plaintiff against the defendant, the testimony given at the inquest will be examined, and where it does not show a cause of action the judgment will not stand.

2. STREET RAILROADS—OPERATION—COLLISION WITH VEHICLE.

Where plaintiff, while standing with his cab three yards from a street car track, saw a car approaching at half speed, but turned and drove on the track, and was struck by the car, he is not entitled to recover for the injuries.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, § 214.]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

