(25 Misc. Rep. 302.)

### GRANGER v. AMERICAN BREWING CO. OF NEW YORK.

(City Court of New York, General Term. November 18, 1898.)

**1. CORPORATIONS—SUPERINTENDENT—DISCHARGE.**

A superintendent of the business of a corporation, appointed by its board of directors, cannot be discharged by its president, but only by such board.

**2. SAME—DIRECTORS—CONTRACT.**

The board of directors of a corporation can contract for services of a superintendent of the business of the corporation for a period beyond the term for which the members of the board are elected, though, as an elective officer, his term expires at the annual meeting.

**3. SAME—NOTICE TO RESIGN.**

A board of directors, by giving notice to the superintendent of the business of the corporation, to tender his resignation, does not discharge him.

Appeal from trial term.

Action by Septemuss W. Granger against the American Brewing Company of New York. From a judgment on a verdict directed for plaintiff, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN, J.

Ullo, Ruebsamen, Cochrane & Baldwin, for appellant.
Deyo, Duer & Bauerdorf, for respondent.

CONLAN, J. This is an appeal from a judgment of this court entered upon a verdict directed by the trial judge. The cause of action is in damages on the allegation of the complaint that defendant employed plaintiff as superintendent of its business from the 1st of May, 1894, to the 1st of May, 1895, at an annual salary of $5,000, payable in monthly installments of $416.66 each; that the plaintiff entered upon said employment, and duly performed all the duties thereof until the 1st day of February, 1895, and was, up to said May 1, 1895, always ready and willing to perform all of the conditions of said agreement on his part; and the gravamen of the action is alleged in the complaint to be that from and after the 1st day of February, 1895, the defendant, without cause, refused to permit the plaintiff to perform his services under said employment. The answer denies that the employment was as stated in the complaint, and alleged that the by-laws of the company provided that the super-

intendent was an officer of the same, and that, as such, he could hold office for one year, or, if appointed to fill a vacancy, until the next annual election; that plaintiff was a director and a trustee of the defendant company, and was acquainted and familiar with its by-laws; and that, in accordance with the said by-laws, the annual election took place the 28th day of January, 1895, next subsequent to the employment of the plaintiff, and that on that annual election he was not appointed. In other words, the claim of the defense is that the plaintiff was hired or appointed only until the annual election following such appointment, and the insistence is that the board of directors was limited in its power to appoint beyond that period.

It appeared upon the trial that the annual meeting was called for the 14th of January, as provided by the by-laws, and on that day was adjourned to the 28th day of January, 1895, on which day it was held. Conceding that the defendant is right in this claim of limitation, it would lead to the conclusion that, if the annual meeting had been adjourned to the 2d day of May, 1895, the appointment of the plaintiff would have continued until that day, without any other action of the board. The defendant, however, insists that, because of the annual meeting occurring on the 28th day of January, his appointment ceased on that day, unless he was reappointed; and there is no such claim made. Now, it appears that the 29th day of January —the day after the annual meeting—a letter was sent to the plaintiff, containing the following significant language:

"The board of directors of the American Brewing Company of New York, at to-day's meeting, hereby request your resignation as superintendent of the company, and the board will hold a special meeting on the 31st inst., at three p. m., to consider the question of superintendent, and request your presence, in case your resignation is not tendered."

Evidently, at this point of the case, the defendant did not consider the appointment as terminated on the 14th day nor on the 28th day of January, otherwise it would not have called for a resignation on the 29th of an officer whose term of appointment ended on the 28th, the day previous, if not on the 14th, when the meeting should have been held. But this was not all. The plaintiff continued to perform his duties until and including January 31st, three days after the annual meeting, and he was paid therefor by the defendant without any protest whatever. But it is further insisted by the defendant that, if the plaintiff was not discharged by the request to hand in his resignation on the 29th day of January, the subsequent notice to him by the president that he need not call again for the purpose of trying for employment, as his position was well understood, operated to discharge him from the 1st day of February. He was appointed by resolution of the board of directors, and, if his appointment did not terminate on the day of the annual meeting, then he would have to be removed or discharged by the appointing power. He was an elective officer, whose term as such expired at the annual meeting, when a successor was to be elected. He was an appointee of the board of directors, and as such received his appointment by resolution of the board, to take effect on May 1, 1894, from which time

the defendant began to pay him salary at the rate of $5,000 annually, and continued such monthly payments down to February 1, 1895.

The defendant claims further that the board could not contract for a period beyond the term for which its members were elected. If such a rule were to be enforced, then business corporations might as well abandon their charters, for the business for which they were created could not be transacted. The annual meeting was fixed for the second Monday of January, and, if the defendant's contention is correct, then the plaintiff's term of employment ended on that day. This was not so, as is best evidenced by the fact that his resignation was called for at a date subsequent, and his further services were fully acquiesced in down to a still later date, and the defendant paid him therefor without any intimation that he was not still in its employ. The notice to him to tender his resignation was clearly not a discharge, and no subsequent act of the defendant brought home to him the fact that dismissal had been given to him; and, his contract, as he alleges, being from the 1st of May, 1894, to the 1st of May, 1895, and he having been paid his salary down to the 1st day of February, 1895, he was, therefore, entitled to recover for the balance of the year at the same rate; and we think the direction for a verdict for that amount was proper, and should not be disturbed.

We are in full accord with the doctrine of the case of Martin v. Insurance Co., 148 N. Y. 121, 42 N. E. 416, that the hiring at a fixed annual sum is not necessarily a yearly hiring; but we do not think, in view of all the circumstances that appear in the case at bar, that that rule has any force to affect the decision here. Here it was claimed that there was a yearly hiring, not merely because of the yearly salary named, but there was an attempt at a dismissal, which, we think, was ineffectual to disrupt the relation of employer and employé. No distinct act of discharge is shown, and no cause or reason alleged or proven for such discharge. The most that did take place was resignation called for and none tendered, and we have been unable to find from the record that there was any action taken by the defendant that amounted to a discharge.

The judgment should be affirmed, with costs.

FITZSIMONS, C. J., concurs.