(38 Misc. Rep. 799.)

## DOWNES v. PONCET et al.

### (City Court of New York, General Term. June, 1902.)

1. EMPLOYÉ—DISCHARGE.

An employé, who, under his contract, was to remain in defendants' employ so long as the account of a certain company remained with defendants, could not be summarily discharged, at defendants' mere whim or desire, so long as the account still remained with them.

Seabury, J., dissenting.

Appeal from trial term.

Action by Frederick W. Downes against John W. Poncet and another. From so much of the verdict rendered as dismissed one of the two causes of action, plaintiff appeals. Reversed.

Argued before FITZSIMONS, C. J., and CONLAN and SEABURY, JJ.

George A. Heaney, for appellant.
Blumenstiel & Hirsch, for respondents.

CONLAN, J. The action was brought to recover damages for a breach of a contract of employment. The plaintiff's assignor entered into the employ of the defendants early in the year 1899, subject to the account of the Alliance Silk Mills, remaining with them. It is not disputed but that the introduction of the latter to the defendants, and the business which would come to them in consequence of the connection, was the inducing cause of the employment of the plaintiff's assignor, and he was retained in the defendants' employ until the 13th day of August, 1900, at a salary and on a basis of $1,500 per annum, and the additional sum of $1\frac{1}{2}$ per cent. on all sales made through him to the trade. It is the theory of the defendants' case that they had the right to discharge this employé at any time, and thus disregard the terms of their agreement with him to retain him while the account of the Alliance Silk Mills remained with them, and it was on this ground that the trial court dismissed the complaint as to the first cause of action alleged. We think this was error, and we are not cited to any authority to sustain the defendants' theory. No reason was assigned for the discharge other than that the defendants stated, upon the return to the city of their employé, that they had the right to discharge him at any time, and without giving any reason. It is not disputed, and, indeed, it is in evidence, that the Alliance Silk Mills remained with the defendants beyond the term for which recovery was sought by the plaintiff. The contract was not wholly indefinite, but depended for its determination upon the discontinuance of business relations between the defendants and the silk mill, and without other and more sufficient reasons than a mere whim or desire the defendants could not summarily dismiss their employé.

It follows that the discharge of the plaintiff's assignor was in violation of both the spirit and letter of his contract, and for these reasons we think the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

FITZSIMONS, C. J., concurs.

SEABURY, J. (dissenting). I dissent. The evidence in this case does not, in my opinion, establish a contract of hiring by the year. It was merely a contract of hiring at a certain specified rate a year. Such a hiring is a mere hiring at will, and may be terminated at any time by either party. The case at bar seems to me to come clearly within the rule declared in Martin v. Insurance Co., 148 N. Y. 117, 42 N. E. 416. I think the action of the trial justice in applying this rule and dismissing the complaint as to the first cause of action alleged was correct. The judgment appealed from should be affirmed, with costs.