SCOTT, P. J. I agree that this judgment must be reversed, but not precisely upon the ground stated by Mr. Justice NEWBURGER. The cases cited by the appellant do not completely cover the present case. In this plaintiff against Feuerlicht (90 N. Y. Supp. 467) a judgment in favor of the defendant was affirmed. In the action against Archibald (92 N. Y. Supp. 1121) no written guaranty of a reduction in the defendant's light bills was shown, and the trial justice determined that no oral guaranty had been given. In the present case the plaintiff in writing, and as a part of the contract, guarantied to furnish defendant with advice which will save him about 10 per cent. of the cost of lighting his premises; if not, the amount of the subscription is to be refunded. As the contract was drawn, the defendant agreed to pay $50 for an inspection and certificate, and the plaintiff agreed to refund the $50 if it did not furnish advice resulting in the specified saving. The answer as drawn did not present the defendant's claim properly, since the promise to give beneficial advice was not a false representation avoiding the entire contract, but a guaranty which if •not fulfilled would furnish grounds for a counterclaim equal in amount to plaintiff's claim. As there must be a new trial, the defendant will · have an opportunity, with the consent of the court below, to so amend his pleading as to properly present the question. No time is stated in the guaranty as to when the advice shall be given which will result in a 10 per cent. saving. The law will supply the deficiency by reading into the contract an agreement to do so in a reasonable time, and the court will determine, when the question is properly presented, what is a reasonable time. It appeared in evidence that no method had been suggested up to the time of the trial by which the lighting bills could be reduced, unless, indeed, the suggestion to use less light can be considered such advice. This, of course, would be a very obvious method, and, if followed to its ultimate limit, would result in saving 100 per cent. of the lighting costs. It required, however, no expert advice to know that lighting bills could be reduced by using less light, and the giving of that advice could hardly be said to have been what was contemplated when the contract of guaranty was entered into. Not only was defendant's pleading improperly drawn to present his real defense, but, upon his objection, the court refused to permit an expert employed by plaintiff to state whether there were any means known to him whereby defendant might obtain the promised reduction.

I therefore concur in the reversal and .the ordering of a new trial, with costs to the appellant to abide the event.

(50 Misc. Rep. 181)

## SUMMERS v. PHENIX INS. CO.

(Supreme Court, Appellate Term. March 26, 1906.)

1. TRIAL—INSTRUCTIONS—APPLICABILITY TO PLEADING.

In an action for wrongful discharge under an allegation of "employment for one year from May 29, 1904, at a salary of $1,200," a request to charge that, if plaintiff entered defendant's employ on May 29, 1893, under a distinct agreement that the hiring was for one year, there was a presumption, in the absence of evidence to the contrary, that the plaintiff and

defendant agreed to a continuation for another year, was properly refused.

2. MASTER AND SERVANT—TERM OF EMPLOYMENT—EVIDENCE.

In an action for wrongful discharge under a contract of employment at a certain salary, evidence that plaintiff's salary was increased from time to time, usually on the first of January of each year, and that the last increase began on January 1, 1902, plaintiff's receipts of his monthly salary, signed by him in defendant's book, with knowledge that the same contained an entry to the effect that plaintiff's compensation was to be "at the rate" of $1,200 per annum, by order of the executive committee, constituted an acknowledgment of what constituted the contract from that date, and precluded any implication of a renewal of contract under which plaintiff entered defendant's employ on May 29, 1893, for a term of one year, arising from the fact that after the expiration of a year plaintiff continued in defendant's employ.

3. SAME—HIRING AT WILL—WHAT CONSTITUTES.

A hiring at so much a year, no time being specified, is a hiring at will.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 9.]

4. SAME—TERMINATION—RIGHTS OF PARTIES.

A hiring at will may be terminated at any time by either party.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 19.]

Appeal from City Court of New York, Trial Term.

Action by William E. Summers against the Phenix Insurance Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

Job E. Hedges, for appellant.
Fred L. Ingraham, for respondent.

O'GORMAN, J.  Action for wrongful discharge under an allegation of "employment for one year from May 29, 1904, at a salary of $1,200." Concededly, there was no express agreement of employment on this date. Plaintiff's theory is that, as he entered the defendant's employ on May 29, 1893, under a distinct agreement that the hiring was for one year, there was a presumption, in the absence of evidence to the contrary, "that the plaintiff and defendant agreed to a continuation for another year," and the ruling complained of by the plaintiff was the court's refusal to so instruct the jury. This rule of law has no application to the facts in this case. The request called for a finding, not as to the alleged implied contract sued upon (that of May 29, 1904) for the succeeding year, but to an alleged contract for one year from May 29, 1894. Moreover, there was "evidence to the contrary." His salary was increased from time to time, not on May 29th of any year, but usually on the 1st of January, which is quite inconsistent with the plaintiff's contention that on the 29th of May of each year there arose a new agreement for another year upon the same terms. His last increase, which was to $1,200, began on January 1, 1902, and thereafter plaintiff's receipts of his monthly salary were signed by him in a book in the defendant's office, which, as plaintiff knew, contained an entry to the effect that plaintiff's compensation was to be "at the rate" of $1,200 per annum, by order of the executive committee. This acknowledgment

of what constituted the contract of the parties from January 1, 1902, supersedes the previous arrangement, and makes the request of the plaintiff as to the implication of a renewal of the original employment wholly immaterial. A hiring at so much a year, no time being specified, is an indefinite hiring, and such a hiring is a hiring at will, and may be terminated at any time by either party. Martin v. N. Y. Life Ins. Co., 148 N. Y. 117, 42 N. E. 416.

Judgment affirmed, with costs. All concur.