## ALGER v. NEW YORK POST GRADUATE MEDICAL SCHOOL & HOSPITAL.

(Supreme Court, Appellate Term, First Department. March 7, 1913.)

MASTER AND SERVANT (§ 8*)—TERMS OF EMPLOYMENT.

    A stipulation as to the method of payment, such as a monthly payment, constitutes merely a hiring at will, in absence of the fixing of a definite period of service.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 8–10; Dec. Dig. § 8.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Byron Alger against the New York Post Graduate Medical School and Hospital. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Taylor, Jackson & Brophy, of New York City (John G. Jackson, of New York City, of counsel), for appellant.

Morris W. Hart, of New York City, for respondent.

BIJUR, J. The action is to recover wages for the balance of a month in the first part of which plaintiff was discharged. He testified that his salary was "$75 a month." He was discharged on the 10th of September and was paid $25 for a third of the month. It is well settled in this state that "a stipulation as to the method of payment, such as monthly," in the absence of the fixing of a definite period of service, constitutes only a hiring at will. Watson v. Gugino, 204 N. Y. 535, 98 N. E. 18, 39 L. R. A. (N. S.) 1090, approving Martin v. N. Y. Life Ins. Co., 148 N. Y. 117, 42 N. E. 416.

The judgment must be reversed, with costs, and the complaint dismissed, with costs. All concur.