■ Stuart Cooper, Appellant, v Manufacturers Hanover Trust Company, Respondent.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered May 13, 1991, granting defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, and the motion denied.

Plaintiff, who began working for the Hanover Bank, defendant bank's predecessor, in 1959, and remained with it until 1963, when he left for a position with Doubleday and Company, Inc., was, he claims, recruited by defendant as a computer programmer in 1974 and, leaving Doubleday, accepted defendant's offer of employment, which allegedly included lifetime employment terminable only for acts of moral turpitude. Approximately ten years later, after having become an officer of the bank, plaintiff's services were terminated for unsatisfactory performance. On these facts, the IAS court granted summary judgment dismissing the complaint, citing the general rule that, "absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party"

*(Sabetay v Sterling Drug,* 69 NY2d 329, 333, citing *Martin v New York Life Ins. Co.,* 148 NY 117, 121) and finding that "[t]he facts here do not warrant a trial on the issue of whether an express agreement limited [defendant's] right to discharge". We disagree. As part of his submission, plaintiff submitted an affidavit from the defendant bank's former assistant controller, who asserts that he interviewed plaintiff for a position in the payroll division. He further states that he, on the bank's behalf, entered into an agreement with plaintiff providing him with lifetime employment subject to termination only for the commission of acts involving moral turpitude, such as theft or malfeasance. The former employee's authority to make such an offer is not challenged by the bank, nor does it urge on this motion any statute of frauds argument. We believe that in the circumstances this affidavit is sufficient to raise an issue of fact as to the existence of an express agreement, albeit oral, limiting the employer's right of termination. The motion for summary judgment dismissal should have been denied. Concur—Sullivan, J. P., Carro, Wallach, Kassal and Rubin, JJ.