(63 App. Div. 468.)

## HOTCHKISS v. GODKIN.

(Supreme Court, Appellate Division, Fourth Department. July 23, 1901.)

1. MASTER AND SERVANT—CONTRACT OF HIRING.
   A contract of hiring which is indefinite in its nature is prima facie a hiring at will.

2. SAME—BURDEN OF PROOF.
   Where a contract of hiring is indefinite, the burden of showing the hiring to be for a certain term rests on the servant.

3. SAME—CONTRACT—CONSTRUCTION.
   Plaintiff contracted with defendant to superintend a certain lumber yard located in another state, the latter agreeing to pay as salary "the sum of twelve hundred dollars for one year's services from the date of this agreement, payable in twelve monthly payments of one hundred dollars each at the expiration of each month." *Held*, that such contract was for a year.

Appeal from trial term, Erie county.

Action by James B. Hotchkiss against John Godkin. From a judgment in favor of the defendant, plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

Norman D. Fish, for appellant.
Maurice D. Spratt, for respondent.

ADAMS, P. J. On the 28th day of March, 1898, the parties to this action entered into a written contract, of which the following is a copy, viz.:

"Memorandum of agreement made this day, 28th March, 1898, between James B. Hotchkiss, of Buffalo, N. Y., party of the first part, and John Godkin, of Bay City, Mich., party of the second part. Said first party agrees to superintend said second party's wholesale lumber yard situated in North Tonawanda, Niagara county, N. Y., and to sell what lumber he can personally at the yards or through salesmen employed for that purpose, either on salary or commission, at the best possible prices, throughout the country, and to use every reasonable effort to effect such sales, and to do all business connected with the same in an economic manner; and agrees not to close any sale amounting to one thousand dollars or upwards without the consent of second party or his representatives at Bay City, Mich., either by writing or telegram, and agrees to see that the books are kept in proper shape, and reports sent to Bay City from time to time as directed by said second party, and to forward with the least possible delay to Bay City a correct copy of all orders, properly filled out, from both Tonawanda and Rhinelander yard in Wisconsin; and agrees to do all in his power in the management of the business to further its success. And the said first party agrees not to turn any orders or inquiries he may receive for lumber, lath, or shingles over to other commission men or lumber dealers, but, if he cannot fill the order, to return it to the sender, and not allow the same to be spoken of to any one

outside of the office. First party is not to be considered in any way a traveling salesman, but agrees, if it be for the interest of the business, to personally make out of town settlements with dissatisfied customers, or to close a trade partially made by letter, and to sell all lumber he can while away from the office on such trip. The party of the second part agrees to pay the party of the first part as salary the sum of twelve hundred dollars for one year's services from the date of this agreement, payable in twelve monthly payments of one hundred dollars each at the expiration of each month.

　　　　"[Signed]　　　　　　　　　　　　　James B. Hotchkiss.
　　　　　　　　　　　　　　　　　　　　　　"John Godkin."

Upon the execution of this contract the plaintiff entered upon the performance of his duties, and continued therein until the 20th day of May following, when he was discharged by the defendant, and paid for his services up to the day of his discharge at the rate of $1,200 per year. He now brings this action to recover by way of damages the balance claimed to be due him for the unexpired term of his employment, and the question which we are required to determine is whether the plaintiff, by the terms of the contract, was employed for one year, or for an indefinite period of time.

In England a contract for personal services which does not specify the term of service, but in which annual wages are reserved, is presumed to be a yearly hiring. Add. Cont. 684. In this country, however, a contrary rule obtains, and a contract of hiring which is general or indefinite in its terms is prima facie a hiring at will, and in such case the burden rests upon the servant to establish by proof that the hiring is by the year. In illustration of this rule it is said by Mr. Wood in his work upon Master and Servant, at section 136, that "a contract to pay one $2,500 a year for services is not a contract for a year, but a contract to pay at the rate of $2,500 a year for services actually rendered, and is determinable at will by either party"; and the rule as thus stated has been approved by the court of appeals in Martin v. Insurance Co., 148 N. Y. 117, 42 N. E. 416, where it was held that a contract of hiring which specified no term of service, but provided for the payment of the party hired "at the rate of $10,000 per year," was a hiring at will, and consequently terminable at any time by either party. It was mainly upon the authority of this case, and one of similar import, decided in a sister state (Orr v. Ward, 73 Ill. 318), that the learned trial court rested its conclusion that the plaintiff could not maintain this action and directed a nonsuit. Upon a careful consideration of these authorities, however, we are of the opinion that the rule which they establish is not controlling in the case under review. More than half a century ago it was declared by the highest tribunal of this state to be "a cardinal rule in the construction of contracts that the intention of the parties is to be inquired into, and, if not forbidden by law, is to be effectuated" (French v. Carhart, 1 N. Y. 96); and that rule, which is as operative now as ever, when applied to this case, forces us to the conclusion that it was clearly within the intent of the parties that the contract of March 28th should continue for a definite period of time, and that that period was one year. In the first place, the nature of the contract, the services to be required of the plaintiff, and the confidential rela-

tion which the contract established between him and the defendant, all indicate that it was expected by both that that relation should possess some degree of permanency. The defendant resided at Bay City, in the state of Michigan, but he owned a large lumber yard, located at North Tonawanda, in this state; and it was to take charge of and manage this yard and the business pertaining thereto that the plaintiff was employed. In these circumstances it is hardly conceivable that the parties would have cared to enter into a contract of hiring, and leave the term of service indefinite and uncertain. But, however this may be, we do not think it necessary to speculate as to the probabilities of the case in order to satisfy ourselves as to the real intent of the parties, for the concluding sentence of the contract itself seems to make that entirely plain. It is true that in the body of the instrument the plaintiff does not, in express terms, engage to remain in the defendant's employ for a year, nor for any other definite term; but express words that a contract is to continue for a year are not necessary to constitute an employment for that period of time. Bascom v. Shillito, 37 Ohio St. 431. The defendant does, however, agree to pay the plaintiff "the sum of twelve hundred dollars as salary for one year's service from the date of this agreement"; and this, in our opinion, is quite different from an agreement to pay "$1,200 a year for services," or "at the rate" of $1,200 per annum. It is quite possible that, had either of these expressions been employed in the present instance, the hiring, in the absence of an agreement for a specified term, might be regarded as indefinite, even though the compensation agreed upon was at an annual rate; and that is the real import of the decision of the court of appeals in Martin v. Insurance Co., supra, as that case has been construed by the appellate division in the Second department (Potter v. City of New York, 59 App. Div. 70, 68 N. Y. Supp. 1039), and as we understand it. But, as just suggested, the language above quoted imports definiteness of period, and, as if to furnish additional evidence of the intention of the parties, the defendant not only agrees to pay the plaintiff a salary of $1,200 for one year's services, but he also agrees to pay that salary in "twelve monthly payments of one hundred dollars each at the expiration of each month." We think these words are full of significance, and that, when taken in connection with their context, they clearly show that it was within the contemplation of the parties that the hiring of the plaintiff should be for a year. Adams v. Fitzpatrick, 125 N. Y. 124, 26 N. E. 143. It follows that the judgment appealed from should be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.