### FRANK v. MANHATTAN MATERNITY & DISPENSARY.

(Supreme Court, Appellate Term. November 29, 1907.)

1. MASTER AND SERVANT—INDEFINITE TERM—DAMAGES FOR DISCHARGE.

A hiring at so much a day, week, month, or year, no time being specified, is an indefinite hiring, and no presumption attaches that it was for a day even, but only at a rate fixed for whatever time the party may serve; and so, where one was hired at $50 a month, nothing being said about the period of service, the master had the right to discharge him at any time, and incurred no obligation beyond the wages due at the time of such discharge.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 19.]

2. SAME—ACTIONS FOR WRONGFUL DISCHARGE—BURDEN OF PROOF.

Where a contract of hiring is general or indefinite in its terms, it is prima facie a hiring at will, and the burden rests upon the servant to prove that the hiring is for a definite term.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Alexander Frank against the Manhattan Maternity & Dispensary. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Strong & Cadwalader, for appellant.

Greenthal & Greenthal, for respondent.

LEVENTRITT, J. The plaintiff had a recovery of $50 below in an action for unlawful discharge. The judgment cannot stand, as there was a failure to prove a hiring for any definite term. On direct examination the plaintiff testified that he saw the superintendent of the defendant, Miss Mewhort, "in the middle of March, 1907, and Miss Mewhort accepted me at $50 a month." Not a word was said as to the term of hiring. He went to work on March 16th, received $25 on April 1st, and on the 10th was told to leave on the following day. This action is brought to recover wages up to the 11th and

damages from that day to the 1st of May—in all, $50. On cross-examination the plaintiff testified:

"Q. How many months did she tell you she would engage you for? A. That was not spoken about at all. Q. Did she say that she would engage you for one month? A. She did not say anything about it at all."

It is too well settled in this state to require extended citation that "a hiring at so much a day, week, month, or year, no time being specified, is an indefinite hiring, and no presumption attaches that it was for a day even, but only at the rate fixed for whatever time the party may serve." Martin v. Insurance Co., 148 N. Y. 117, 121, 42 N. E. 416; Wood, Master and Servant, § 136; Baker v. Appleton & Co., 107 App. Div. 362, 95 N. Y. Supp. 125; Outerbridge v. Campbell, 87 App. Div. 597, 84 N. Y. Supp. 537; Fischer v. Sanchez & Haya Co., 44 App. Div. 629, 60 N. Y. Supp. 1138. Where a contract of hiring is general or indefinite in its terms, it is prima facie a hiring at will, and the burden rests upon the servant to prove that the hiring is for a definite term. Hotchkiss v. Godkin, 63 App. Div. 469, 71 N. Y. Supp. 629.

Not only has the plaintiff failed to carry the burden, but his cross-examination affirmatively shows that no definite period of service was in the contemplation of either party. The defendant, therefore, incurred no obligation beyond the wages earned from the 1st of the month to the 11th and was within its legal rights in dispensing with plaintiff's services thereafter.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.