(159 App. Div. 473.)

### KEEPERS v. M. HARTLEY CO.

(Supreme Court, Appellate Division, First Department.  December 5, 1913.)

1. MASTER AND SERVANT (§ 3*)—CONTRACTS OF HIRING.

A yearly contract of hiring need not be evidenced by express words, but the intention of the parties may be gathered from all the facts.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 2, 3;  Dec. Dig. § 3.*]

2. EVIDENCE (§ 398*)—ACTIONS FOR COMPENSATION.

In an action by a servant for compensation wrongfully withheld, where he counted on a yearly contract of hire, and based his contention on a letter written him by the master, his rights must be measured by the letter.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1766–1771; Dec. Dig. § 398.*]

3. TRIAL (§ 252*)—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

In an action by a servant for compensation after discharge, an instruction that no recovery of salary could be had after his discharge, provided he was not hired by the year, is improper where all of the evidence tended to show that there was no yearly contract of hire.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

4. APPEAL AND ERROR (§ 1064*)—REVIEW—REVERSIBLE ERROR.

In an action by a servant for compensation, where the master defended on the ground of a discharge, its instruction that no recovery could be had after discharge was modified so as to require the jury to find that there was no yearly contract of hire.  The evidence, without contradiction, showed that the hiring was not by the year, but that employés were entitled to a month's notice or a month's salary in advance.  *Held* that, while the requested instruction was technically imperfect, a verdict on it as modified could not be upheld on appeal, as the modification was not given to correct the real error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224;  Dec. Dig. § 1064.*]

Dowling, J., dissenting.

Appeal from Trial Term, New York County.

Action by William M. Keepers against the M. Hartley Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals.  Reversed and remanded.

See, also, 150 App. Div. 252, 134 N. Y. Supp. 896.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, DOWLING, and HOTCHKISS, JJ.

John A. Garver, of New York City, for appellant.
Martin Conboy, of New York City, for respondent.

HOTCHKISS, J. The fourth and fifth counts of the complaint were the only ones retained on the trial. In the fourth, the plaintiff alleged that from January 1 to September 8, 1905, he held the office of auditor in defendant company under a contract by which he was to serve from January 1, 1905, to January 1, 1906, at a salary of $7,500; that he acted in that capacity until April 1, 1905, when he was given a vacation until September 8, 1905, on which day he was unjustly discharged, and judgment was demanded for the salary accruing from April to September, amounting to $3,345. The fifth count alleged the same contract and service thereunder until September 8th, on which day it was alleged plaintiff was wrongfully discharged, for which he demanded $2,500 as damages. The verdict was for the aggregate of the foregoing amounts, with interest.

The defendant was organized in the year 1900, succeeding the firm of Hartley & Graham, in whose employ plaintiff had been for many years. Defendant asked the court to charge that, if the jury found the plaintiff was discharged on April 1st, he could not recover. The court charged as requested, but with the limitation that the jury must also find that there was no yearly hiring. In this the court committed reversible error. The evidence that there was no yearly hiring was conclusive. The facts upon which defendant rested his claim of such a hiring were substantially as follows: He testified that, when first engaged by the firm of Hartley & Graham, Graham said, " 'I will employ you from January 1, to January 1'—and the employment to continue as long as my services were satisfactory to them." Graham died in 1899, and the business was continued by Hartley until the corporation was formed. Plaintiff further testified that, when this took place, Hartley told him that the corporation was taking over the old business, its clerks, etc., "at the same remuneration as had been paid by" the firm. On April 1, 1898, he received from defendant a letter, reading as follows:

"Referring to our conversation with you, we would say that during the present year you may draw at the rate of $6,000 per annum and any further compensation is to be left to our discretion."

On January 8, 1906, four months after the day on which plaintiff alleged he had been discharged he wrote to defendant a letter, disingenuous in its terms and evidently intended as the basis of a subsequent suit, in which he referred to the "fact that my yearly written contract with you ends January 10, 1906." He testified that the "yearly written contract" to which he thus referred was the letter of April 1, 1898, which, as he testified, he had received under circumstances justifying him in regarding it as evidence of the terms of his employment.

[1, 2] The argument in plaintiff's behalf is that his employment by the firm was by the year, and that the terms of this employment were adopted by the corporation, and we are cited to cases holding that where one enters into the employ of another under a contract for a year's service, and thereafter continues without any new contract, the presumption is that the contract for yearly service at the same salary is continued. Adams v. Fitzpatrick, 125 N. Y. 124, 26 N. E. 143; Bennett v. Mahler, 90 App. Div. 22, 27, 85 N. Y. Supp. 669. Conceding

that the formation of the corporation would not necessarily take the case out of this rule, not only because of plaintiff's testimony concerning his conversation with Graham, hereinbefore referred to, but upon the further ground that the incorporation of the old business affected no substantial change and was but a method of continuing the business by its former owners; and notwithstanding the rule that a yearly hiring need not be evidenced by express words, and that the intention of the parties may be gathered from all the facts (Hotchkiss v. Godkin, 63 App. Div. 468, 71 N. Y. Supp. 629)—we are still met with the question: May we revert to the terms of the original oral hiring when subsequently a writing has passed between the parties which is intended to cover their whole agreement? I think not. Plaintiff planted himself firmly upon the letter of April 1, 1898, and must be held thereto. Manifestly, this letter does not evidence any yearly hiring, but only fixes the rate of plaintiff's compensation.

[3] The foregoing facts left nothing to go to the jury on the subject of the term of plaintiff's hiring, and the charge of the court in this regard was manifestly wrong.

[4] It is true that the terms of plaintiff's employment as fixed by the notice of December 29, 1903, would upon his discharge without cause have entitled plaintiff to an extra month's salary, and that in this aspect of the case the request to charge was technically imperfect. But no point was made of this on the trial, nor does it seem to have been in the minds of either court or counsel, and it was not the ground on which the refusal to charge as requested was based. Under such circumstances, a verdict resting on a charge materially wrong should not be upheld.

The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event.

INGRAHAM, P. J., and McLAUGHLIN and LAUGHLIN, JJ., concur. DOWLING, J., dissents.