ATHOL MUSIC HALL COMPANY *vs.* JOHN CAREY.

Worcester. Oct. 8, 1874. — Jan. 5, 1875. COLT & MORTON, JJ., absent.

Upon a contract in writing by which the subscribers agree "to and with each other" to associate themselves into a corporation for a specified purpose, the name of which is to be determined by the members thereof, and to "pay to the treasurer of said corporation" the amount set against their respective names, an action may be maintained in the name of the corporation, after it is organized, against a subscriber, upon the allotment to him of the shares subscribed for.

The directors of a corporation voted that the treasurer be authorized and instructed to obtain the assistance of A. B. in making collections of unpaid subscriptions to the capital stock. Afterwards, they voted that the treasurer be authorized and instructed to obtain such legal counsel as he should see fit as to the proper legal manner to be pursued to collect unpaid assessments to the capital stock. *Held,* that these votes indicated sufficient authority for the institution of a suit by A. B. in the corporate name and behalf against a subscriber to the capital stock.

CONTRACT on the following agreement :

" We, the undersigned, severally promise and agree to and with each other that we will associate ourselves into a corporation, the name whereof shall be determined by the members thereof, and pay to the treasurer of said corporation the amount of the several shares set against our respective names, for the purpose of purchasing the homestead of Washington H. Amsden, in Athol, on Main Street, and erecting a public hall thereon. The amount of the capital stock of said corporation to be not less than twenty thousand dollars.　　Names.　　No. of shares.　　Amount.
　　　　　　　John Carey,　　One,　　$100."

The declaration alleged that the defendant entered into and signed the above contract, (a copy whereof was annexed,) and thereby agreed, in consideration of other parties signing similar agreements, to pay to the treasurer of the Athol Music Hall Company, the sum of $100, for one share in the capital stock of said corporation when it should be organized. It then alleged the organization, the purchase of the homestead of Amsden, the building of a public hall thereon, a demand for the $100, readiness to deliver the stock, and the refusal of the defendant to pay.

At the trial in the Central District Court of Worcester, the defendant asked the judge to rule that the action could not be

maintained on the pleadings. This request was refused. It ap-peared in evidence that the action was commenced August 11, 1873, under the instructions of the treasurer, by George W. Horr. The only authority therefor was the following votes of the board of directors:

"May 15, 1873. Voted that the treasurer be authorized and instructed to obtain the assistance of George W. Horr, Esq., in making collections of unpaid subscriptions to the capital stock."

"June 10, 1872. Voted that the treasurer be authorized and instructed to obtain such legal counsel as he may see fit as to the proper legal manner to be pursued to collect unpaid assessments to the capital stock, and also as to the legal status of the corporation." The defendant, at the close of the evidence, moved to dismiss on the ground that the suit was not authorized by a vote of the directors of said company, or by any legal authority. This motion was overruled by the judge.

There was evidence tending to show that in December, 1870, the defendant signed the agreement declared upon; that the act of incorporation was passed on March 3, 1871; that the corporation was duly organized on March 18, 1871, and that the name of the defendant was entered on the books of the corporation as a stockholder and notices were issued and directed to him of all the meetings.

The defendant then asked the judge to instruct the jury that if they were satisfied upon the evidence that the defendant never attended any meeting of the corporation at the time of its organization, or after its organization, the action could not be maintained, although the corporation still retained his name upon its books, and sent him notices of the meetings; that it was not enough for the plaintiff to show that it retained Carey's name upon its books, and otherwise considered him as entitled to a share in the capital stock, unless they are also satisfied that Carey did some act after its organization in ratification of his agreement.

The judge refused to give these instructions, but instructed the jury that if the plaintiff entered the defendant's name on the books of the corporation, as a stockholder, issued and directed notices to him of all its meetings, and gave him the same opportunities to attend the meetings and participate in the proceedings thereof as

were given to other stockholders, they were authorized to find that the defendant's offer was accepted, and that he was received as a member of the corporation. The jury found for the plaintiff, and the defendant alleged exceptions.

*H. L. Parker*, for the defendant.

*W. W. Rice & F. T. Blackmer*, for the plaintiff.

WELLS, J. In agreements of this nature, entered into before the organization is formed, or the agent constituted to receive the amounts subscribed, the difficulty is to ascertain the promisee, in whose name alone suit can be brought. The promise of each subscriber, " to and with each other," is not a contract capable of being enforced, or intended to operate literally as a contract to be enforced between each subscriber and each other who may have signed previously, or who should sign afterwards, nor between each subscriber and all the others collectively as individuals. The undertaking is inchoate and incomplete as a contract until the contemplated organization is effected, or the mutual agent constituted to represent the association of individual rights in accepting and acting upon the propositions offered by the several subscriptions. When thus accepted, the promise may be construed to have legal effect according to its purpose and intent, and the practical necessity of the case; to wit, as a contract with the common representative of the several associates.

In *Thompson* v. *Page*, 1 Met. 565, and *Ives* v. *Sterling*, 6 Met. 310, individuals subsequently selected by voluntary associations to receive and expend subscriptions, in accordance with the terms of the agreement of association, were allowed to maintain actions against individual subscribers for the amount of their several subscriptions. Being thus constituted the payees, they were construed to have become also the promisees under the written agreement. The same principle applies where the agreement contemplates the organization of a corporation, and refers the payment of the subscriptions to the proper officers of such corporation. See *People's Ferry Co.* v. *Balch*, 8 Gray, 303, 311.

In this agreement the treasurer of the corporation to be established is expressly made payee. The corporation is the aggregate of the several individuals entering into the agreement, one of whose terms was that they should thus associate and confer their individual rights upon the corporation. We are of opinion that

the corporation, and the corporation alone, is the proper party to bring an action upon such an agreement.

The corresponding agreements of the other subscribers, the organization of the corporation, and the allotment to the defendant of the shares for which he subscribed, furnish sufficient consideration for his promise to take and pay for those shares. Although his promise was originally voluntary, or in the nature of a mere open proposition, yet having been accepted and acted on by the party authorized so to do, before he attempted to retract it, he has lost the right to revoke. His proposition has become an accepted mutual contract, and is binding upon him as well as upon the corporation. The votes of the corporation indicate sufficient authority for the institution of this suit in the corporate name and behalf.

These considerations dispose of all the objections, taken in various forms, to the maintenance of the action.

*Exceptions overruled.*