## NORRIS *v.* LEAVITT.

One of several subscribers to a writing, containing an agreement "to pay
an equal proportional share " of the expense of process to compel the
restoration to its natural channel of water which has been diverted

therefrom, cannot recover of another subscriber any expense of litiga-
gation not incurred or advanced for the common object of the sub-
scription, with a reasonable dependence upon the subscription for
reimbursement.

Evidence outside the written subscription, of want of authority from the
other subscribers to institute and prosecute a suit at law for the
object of the subscription, is competent upon the question of a reason-
able dependence upon the subscription.

ASSUMPSIT, by one against another signer of the following writ-
ing:—

" We the undersigned parties, whose water-rights and privileges
are damaged by turning from its natural course of the Mohawk
stream, hereby agree to pay an equal proportional share towards
defraying the expenses of process to compel those parties who
have diverted the water to restore it to its former bed and con-
dition."

The plaintiff and the defendant, with twenty-six others, inhabi-
tants of Colebrook village, signed the paper. The signatures were
procured by the plaintiff, who has upon the Mohawk river a mill
that is claimed to be injuriously affected by the diversion of the
water above the village by Parsons & Rolfe. A bill in equity was
brought, in the name of all the signers, against Parsons & Rolfe
to restrain them from diverting the water, and, on demurrer that
the plaintiffs' rights had not been determined in a suit at law, was
dismissed. Subsequently a suit at law, in the name of the plain-
tiff, was brought to recover damages for diverting the water from
his mill. That suit was once tried, with a disagreement of the
jury, and afterwards disposed of by the entry of " neither party."
The plaintiff was the active party in prosecuting the equity suit,
and no one of the signers objected to that suit, or to the plaintiff's
authority to prosecute it in their names. None of the subscribers
were consulted by the plaintiff in regard to instituting, prosecut-
ing, or discontinuing the action at law, and it was not generally
understood that it had been commenced until about the time of
the trial. The defendant did not understand that he was inter-
ested in the suit at law, or that it was undertaken and prosecuted
on account of the subscription ; but did understand that it was the
plaintiff's suit, and was prosecuted solely for his benefit. Though
the plaintiff relied upon the subscription for reimbursement of the
expenses of his suit, he did not inform the defendant and the
other subscribers of such reliance, and the reliance was an unrea-
sonable one. The defendant confessed judgment for his share of
the expense of the equity suit, and denied the plaintiff's right to
recover anything on account of the suit at law. The sum confessed
was awarded, and the plaintiff excepted. The plaintiff also ex-
cepted to evidence outside the subscription paper, that the suit at

law, and the expenses incurred in its prosecution, were not authorized by the defendant and other subscribers, and to evidence of the plaintiff's acts and statements tending to show that the lawsuit was his own, and prosecuted for his own benefit.

*Dudley & Remick*, for the plaintiff.

*E. Aldrich*, for the defendant.

ALLEN, J.   The agreement of the defendant, with others, "to pay his equal proportional share towards defraying the expenses of process" to compel the restoration of water, diverted from its natural channel by other persons, could not be enforced unless the plaintiff, relying on the agreement, had advanced money, or incurred liability in accomplishing the object for which the subscription was made. *Cottage Street Methodist Episcopal Church* v. *Kendall*, 121 Mass. 528; *Company* v. *Carey*, 116 Mass. 471; *Institute* v. *French*, 16 Gray 196.   The promise to pay was made to no particular person, and the amount to be paid was not fixed.   Until some one having authority, and in good faith relying on the subscription, had incurred expenses in accomplishing the object, the defendant's "equal, proportional share" could not be determined, and payment could not be enforced.

In the equity suit, to the expenses of which the defendant contributed without objection, he was a party, had knowledge of the proceeding, and did not object.   His conduct ratified the plaintiff's acts, and estopped him from denying the plaintiff's authority. The defendant's confession of his share of the expenses of that suit was not an admission of the plaintiff's right to charge him for the expenses of the suit at law.   Though the process in the equity suit failed because it was prematurely brought, and though the suit at law was designed to aid in the same object, it was not made to appear that the plaintiff, in bringing the latter suit in good faith, relied on the subscription or was acting in behalf of the subscribers.   In the equity suit the subscribers were made plaintiffs, and recognized the process.   In the suit at law the plaintiff was sole plaintiff, and the action was for damage to his own property. The defendant had no immediate interest in the result, was not consulted about it, and was not aware that such a suit existed until the time of the trial; and he then understood it was the personal suit of the plaintiff, brought in the prosecution of his business. Under these circumstances the defendant had reason to believe it was the plaintiff's own suit, and to act upon that belief.   Having subscribed to pay his share of the expense of "process," and one "process" having met with an untimely fate, he could not be estopped from showing that the plaintiff, in bringing other and further process, did not rely upon the contract of subscription. The facts reported do not show that the plaintiff was induced to

bring the suit at law, either on account of the subscription, or because the defendant had recognized his authority in the first suit and had not revoked it in the second. It was a question of fact whether the expenses of the lawsuit were incurred by the plaintiff, with a fair and reasonable dependence upon the subscription of the defendant and others; and the referee has found that the reliance upon the subscription was an unreasonable one. The plaintiff can recover nothing beyond the amount confessed.

The testimony of the defendant and of other witnesses, that they signed the subscription paper at the request of the plaintiff, that he promised to see them before suit should be brought, spoke of the case as his own, about the time of trial, and giving other evidence of the plaintiff's sole interest in and management of the case, was competent upon the question of the plaintiff's acting in good faith upon the strength of the subscription and upon the question of his authority to bring the suit at law. The exceptions are overruled, and there is judgment on the report for the amount confessed, with costs to the plaintiff to the time of confession, and subsequent costs to the defendant.

Doe, C. J., and Smith, J., did not sit: the others concurred.