EDWARD MARTIN, Appellant, *v.* THE NEW YORK LIFE INSURANCE COMPANY, Respondent.

1. MASTER AND SERVANT — INDEFINITE HIRING. A general or indefinite hiring does not import an employment by the year.

2. HIRING AT WILL. A hiring at so much a year, no time being specified, is an indefinite hiring; and such a hiring is a hiring at will, and may be terminated at any time by either party.

Reported below, 73 Hun, 496.

(Argued December 5, 1895; decided December 19, 1895.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made December 20, 1893, which reversed a judgment in favor of plaintiff entered upon a verdict directed by the court, and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James M. Hunt* for appellant. If there was any evidence sufficient to go to the jury in support of plaintiff's claim, the reversal of the General Term was erroneous. (*Reynolds* v. *Miller*, 79 Hun, 113 ; *Kirtz* v. *Peck*, 113 N. Y. 222 ; *Banker* v. *Knibloe*, 69 Hun, 539, 540 ; *Provost* v. *McEncroe*, 102 N.

Y. 650; *Daly* v. *Wise*, 132 N. Y. 306–309; *B. S. Co.* v. *M. C. R. R. Co.*, 134 N. Y. 15–20; *Peil* v. *Reinhart*, 127 N. Y. 381.) The record contains sufficient evidence to establish an oral contract by which defendant agreed to pay plaintiff $10,000 a year for his services from January 1, 1884, which contract thereafter was renewed from year to year, the last renewal dating from January 1, 1892. (*Adams* v. *Fitzpatrick*, 125 N. Y. 124; *Ball* v. *Stover*, 82 Hun, 460; *Wallace* v. *Devlin*, 36 Hun, 275; *Hodge* v. *Newton*, 13 N. Y. S. R. 139.) The contract of defendant to pay plaintiff $10,000 for his services from January 1, 1892, to December 31, 1892, was not canceled or released. (*Beers* v. *N. Y. L. Ins. Co.*, 20 N. Y. Supp. 788; *C. & P. R. R. Co.* v. *Slack*, 45 Md. 161; *Barber* v. *Rose*, 5 Hill, 76; *Bowman* v. *Teall*, 25 Wend. 306; *McKnight* v. *Dunlap*, 5 N. Y. 537; *Fuller* v. *Kemp*, 138 N. Y. 231; *Camp* v. *Treanor*, 143 N. Y. 649; *Kenyon* v. *K. T. & M. M. A. Assn.*, 122 N. Y. 247.)

*William B. Hornblower* for respondent. Whatever may have been the contract relations between the parties, the contract was terminated and canceled by mutual consent on the 14th of April, 1892. (*Hutchinson* v. *Bowker*, 5 M. & W. 535; *Neilson* v. *Harford*, 8 M. & W. 806; *Eaton* v. *Smith*, 20 Pick. 150; *Bowes* v. *Shand*, L. R. [2 App. Cas.] 455; 2 Pars. on Cont. 492; *Glacius* v. *Black*, 67 N. Y. 563; *A. F. Ins. Co.* v. *Austin*, 69 N. Y. 470; *Levy* v. *Gadsby*, 3 Cranch, 180; *Walker* v. *Bank of Washington*, 3 How. [U. S.] 62; Addison on Cont. 165; *Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 341; 3 Am. & Eng. Ency. of Law, 889; *Blood* v. *Enos*, 12 Vt. 625; *King* v. *Gillett*, 7 M. & W. 55; *Battle* v. *R. C. Bank*, 3 N. Y. 88; *N. Y. I. Co.* v. *G. E. R. R. Co.*, 91 N. Y. 167; *James* v. *Cotton*, 7 Bing. 266; Schouler on Dom. Rel. §§ 464, 475.) The claim made that the plaintiff intended by the words " I accept your ultimatum," that he admitted the power of the company to discharge him, but did not admit its right to terminate the contract, nor consent to its termination, is wholly untenable. (*Dwight* v. *G. L. Ins. Co.*,

103 N. Y. 341; *Meyer* v. *Isaac*, 6 M. & W. 605; *Mason* v. *Pritchard*, 12 East, 227; *Potter* v. *O. & L. M. Ins. Co.*, 5 · Hill, 147 ; 2 Pars. on Cont. 500.) There was no contract for yearly services. (*Evans* v. *S. L., I. M. & S. R. Co.*, 24 Mo. App. 114; *Finger* v. *B. Co.*, 13 Mo. App. 310; *De Briar* v. *Minturn*, 1 Cal. 450 ; *Haney* v. *Caldwell*, 35 Ark. 156, 168; *Prentiss* v. *Ledyard*, 28 Wis. 131 ; Wood on Mast. & Serv. § 136 ; *Tucker* v. *P. & R. C. & I. Co.*, 53 Hun, 139.)

BARTLETT, J. The plaintiff sued to recover salary at the rate of ten thousand dollars a year from the first day of May, 1892, until the first day of January, 1893, with interest.

· The plaintiff entered the employ of the defendant in 1881, and was placed in charge of the real estate department at a salary of five thousand dollars a year. From the first of January, 1883, he received salary at the rate of sixty-five hundred dollars a year under an arrangement made in February, 1883. In February, 1884, the salary was increased to the rate of ten thousand a year, payable from January first, 1884. Salary was paid monthly. Without further agreement of any kind plaintiff continued in the discharge of his duties until April 13th, 1892, when he received a letter from the president of the defendant notifying him that his services would not be needed after April 30th, 1892.

Plaintiff replied to this letter April 14th, 1892, stating that he accepted the defendant's ultimatum. A week later he wrote a second letter in which he sought to explain the first one as follows, viz. : " What I meant then and what I mean now is that while I concede your power to dispense with my services after April 30th, I do not concede your power to break my contract with the company without making the company liable to me.

" I wish you to distinctly understand that my employment is, and has been since January 1st, 1884, a yearly one, at a salary of $10,000 per year, commencing on January 1st, and that I am entitled to my salary for the balance of the year."

We are unable to agree with the learned General Term

that the legal effect of these letters was to release both parties from the obligation of an existing entire contract, if one did exist. The letter of the defendant was an absolute discharge of the plaintiff and cannot be regarded as a part of negotiations to abrogate an existing contract; the plaintiff's replies to that letter did not in any way affect the legal rights of the parties in this aspect of the case.

The two questions presented by this appeal are, does the evidence establish a contract of hiring by the year, and, if not, does a general hiring import an employment by the year?

We do not think the plaintiff proved an original contract with defendant whereby he was employed to render service for a year; nor was the evidence so conflicting on this point as to have warranted the trial judge in submitting the question to the jury.

A verdict finding that such a contract was entered into by the parties would be set aside as unsupported by the evidence.

The correspondence between the plaintiff and defendant, already referred to, tends to show that plaintiff, when he wrote his first letter, did not consider he was rendering service under a contract by the year, and his assumption of that position in the second letter has the appearance of an afterthought.

It remains to consider the legal effect of a general hiring.

The learned counsel for the plaintiff argues that a general hiring means, as matter of law, an employment from year to year, and insists that his proposition is sustained by the decision of this court in *Adams* v. *Fitzpatrick* (125 N. Y. 124).

The case cited does not decide the point in question, although certain expressions in the opinion and reference to English cases might seem, upon a casual reading, to justify a contrary contention.

The referee found, however, that the parties originally contemplated a hiring for a year, and this court held that on the continuation of the employment after the expiration of the year, without further agreement, it would be presumed that the parties had assented to renew the contract for a like period.

The present condition of the law as to the legal effect of a general hiring is thus stated by Mr. Wood in his work on Master and Servant (2d edition), § 136, as follows: " In England it is held that a general hiring, or a hiring by the terms of which no time is fixed, is a hiring by the year * * * With us, the rule is inflexible, that a general or indefinite hiring is *prima facie* a hiring at will; and if the servant seeks to make it out a yearly hiring, the burden is upon him to establish it by proof. A hiring at so much a day, week, month or year, no time being specified, is an indefinite hiring, and no presumption attaches that it was for a day even, but only at the rate fixed for whatever time the party may serve. * * * A contract to pay one $2,500 a year for services is not a contract for a year, but a contract to pay at the rate of $2,500 a year for services actually rendered, and is determinable at will by either party. Thus it will be seen that the fact that the compensation is measured at so much a day, month or year does not necessarily make such hiring a hiring for a day, month or year, but that in all such cases the contract may be put an end to by either party at any time, unless the time is fixed, and a recovery had, at the rate fixed for the services actually rendered."

The decisions on this point in the lower courts have not been uniform, but we think the rule is correctly stated by Mr. Wood and it has been adopted in a number of states. (*Evans* v. *St. L., I. M. & S. Ry. Co.*, 24 Mo. App. 114; *Finger* v. *Brewing Co.*, 13 Mo. App. 310; *De Briar* v. *Minturn*, 1 Cal. 450; *Haney* v. *Caldwell*, 35 Ark. 156, 168; *Prentiss* v. *Ledyard*, 28 Wis. 131.)

It follows, therefore, that the hiring of the plaintiff was a hiring at will and the defendant was at liberty to terminate the same at any time.

The order appealed from should be affirmed and judgment absolute ordered against the plaintiff upon the stipulation dismissing the complaint, with costs.

All concur.

Ordered accordingly.