MELVIN R. BALDWIN *vs.* H. CHESTER EMERY, Exor.

Somerset. Opinion February 1, 1897.

*Action. Assumpsit. Covenant. Deed.*

The acceptance of a deed poll by the grantee, or obligee, renders him liable to perform all the acts therein required of him as effectually as if it were an indenture executed under his own hand and seal; but the remedy is assumpsit or debt, and not covenant.

While suits upon covenants in sealed instruments must be either debt or covenant, as between the covenantor and covenantee; yet a sealed instrument may be used as evidence in an action of assumpsit when there is no covenant for payment or performance to the party to be benefited, or to some other person for his use.

The defendant received a deed of land from the plaintiff which recited that the land was subject to a mortgage and which mortgage the defendant "assumes and agrees to pay as part of the purchase price" of the land. The defendant

did not pay the mortgage debt and the plaintiff brought an action at law to recover it from his grantee, the defendant, basing his action upon the stipulation in the deed that he would pay it as a part of the purchase price. *Held;* that an implied assumpsit arises in favor of the plaintiff, from the recital in the deed thus taken by the defendant, to recover the sums named in the deed as due on the mortgage; *also,* that the deed is evidence of the promise and the amount to be paid under it.

*Held;* that the plaintiff may maintain this action although he, himself, has not paid the mortgage debt.

The court observes that had this been a suit upon the notes, or for their contents, the point of a variance between the plaintiff's declaration and proof might have been well taken; but as it is a suit for the amounts named in the deed, an implied assumpsit, the point must be overruled.

*Burbank* v. *Gould,* 15 Maine, 118, overruled.

ON REPORT.

The case appears in the opinion.

*Chas. F. Johnson and F. E. McFadden,* for plaintiff.

*E. N. Merrill and G. W. Gower,* for defendant.

SITTING: WALTON, EMERY, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

HASKELL, J. The material facts in this case are as follows:— December 15, 1890, the plaintiff, being the owner in fee of certain land in Minnesota subject to a mortgage, conveyed the same to the defendant's executor by deed containing the provision:—"Subject to the payment of one certain mortgage for $1,020, dated November 12, 1890, and due as follows:—$510 due November 12, 1891, and $510 due November 12, 1892, with interest at the rate of eight per cent per annum payable annually and which said second party [meaning the grantee] assumes and agrees to pay as part of the purchase price of above described property."

Plaintiff has paid $600 on the mortgage, but brings this action at law to recover the whole mortgage debt from his grantee by reason of the stipulation therein, that he would pay it as a part of the purchase price.

The settled law of this state is that, where one covenants with another by deed, under his own hand and seal, to pay him money for his own use or for the use of another, the obligee alone can sue

upon the covenant, and the action must be covenant or debt and not assumpsit; and the beneficiary can have no action at law, but may have remedy in equity. But where the sealed instrument contains no covenant to pay or perform to the obligee or to the beneficiary, assumpsit will lie in favor of either one of them, as if the promise were shown by parol to be express, instead of implied from a statement of the respective rights of the parties in the deed.

This doctrine was early stated by Chief Justice SHEPLEY in *Hinkley* v. *Fowler*, 15 Maine, 289. One clause in that opinion read literally is misleading, but taken in connection with the context and authorities cited should read, "When one covenants or agrees under seal with another to pay a sum or to do an act, the other cannot maintain assumpsit." The words "under seal" as limiting the word "agrees" were omitted in the text, when manifestly their meaning was implied. The opinion further says:— " It will be found, upon examination of the cases which decide that assumpsit cannot be maintained where the rights of the party are secured by deed, that there is in the deed some stipulation for payment or performance to himself or to some one for his benefit."

The following cases sustain the doctrine stated above. *Packard* v. *Brewster*, 59 Maine, 404 ; *Farmington* v. *Hobert*, 74 Maine, 416 ; *Varney* v. *Bradford*, 86 Maine, 510, 514.

If a covenant be relied upon, the beneficiary's remedy is in equity only. If the recitals from which a promise to pay either the obligee or the beneficiary may be implied by law, either one may have assumpsit, and the beneficiary may also have relief in equity against both parties to the deed when thereby he may have a more adequate remedy than at law. *Flint* v. *Winter Harbor Land Co.*, ante, p. 420.

The acceptance of a deed poll by the grantee or obligee renders him liable to perform all acts therein required of him as effectually as if it were an indenture executed under his own hand and seal, but the remedy is assumpsit or debt, and not covenant. *Huff* v. *Nickerson*, 27 Maine, 106 ; *Sawyer* v. *Lufkin*, 58 Maine, 429 ; *Locke* v. *Homer*, 131 Mass. 102, and cases cited.

Whether the language in a deed be a covenant or raises an implied promise depends wholly upon the terms expressed. An agreement under seal to pay money or perform to A for his own use or for the use of B would be a covenant. An agreement to pay a given debt of A not to A would raise an implied promise to pay to A, or to the creditor of A, the subject of assumpsit. In short, a covenant, upon which debt or covenant can only be brought must be a particular obligation to pay or perform to a particular person and if to a person other than the obligee, his remedy is in equity only, for our decisions say so.

The plaintiff has not paid the full mortgage debt, but this makes no difference. The defendant agreed to pay it and the law implies a promise that he shall pay it either to the plaintiff or to the mortgagee. By paying it to the mortgagee he would defeat the plaintiff's action. By not paying it, he withholds from the plaintiff means with which to pay it, and no good reason can be given why the plaintiff shall not recover it. We are aware that it was otherwise held in *Burbank* v. *Gould*, 15 Maine, 118, but that case has been repeatedly questioned and may as well now be overruled as both against reason and authority. In the opinion, *Dearborn* v. *Parks*, 5 Greenl. 81, is cited; but that case holds that assumpsit lies in favor of a grantor's creditor to recover of the grantee the grantor's debt that was a part consideration for the deed which the grantee promised to pay to the grantor's creditor. The opposite doctrine of *Burbank* v. *Gould*, supra, is commended in *Barron* v. *Paine*, 83 Maine, 323, and fully sustained in *Locke* v. *Homer*, 131 Mass. 93, where many authorities are considered. So also in *Muhlig* v. *Fiske*, 131 Mass. 113; *Gaffney* v. *Hicks*, 131 Mass. 125; *Reed* v. *Paul*, 131 Mass. 129; *Williams* v. *Fowle*, 132 Mass. 385; *Wilson* v. *Bryant*, 134 Mass. 299; *Shattuck* v. *Adams*, 136 Mass. 36; *Paper Stock Disinf. Co.* v. *Boston Disinf. Co.*, 147 Mass. 322; *Rice* v. *Sanders*, 152 Mass. 108; *Wamesit Power Co.* v. *Sterling Mills*, 158 Mass. 444.

Had this been a suit upon the notes or for their contents, the point of variance might have been well taken; but as it is a suit for the amounts named in the deed, an implied assumpsit, the point must be overruled.

From the recitals in the deed in the case at bar, an implied assumpsit arises in favor of the plaintiff to recover the sums named in the deed as due on the mortgage and no more. That deed is the evidence of the promise and the amount to be paid under it. The sum named is $1020 ;—$510 due November 12, 1891, and $510 due November 12, 1892, with annual interest at eight per cent.

*Defendant defaulted for $1020 with interest at eight per cent until the same became payable; after that at six.*