HENRY W. WATSON, Respondent, *v.* CARMELO GUGINO, Appellant.

Master and servant — contract of employment — if no period of service is specified, the hiring is at will, and either party may terminate it at any time.

1. The effect of a general contract of hiring, no time being specified, varies in different jurisdictions. In this state the rule is settled that unless a definite period of service is specified in the contract, the hiring is at will, and the master has the right to discharge and the servant to leave at any time. If the servant seeks to make out a yearly hiring for a specified period, the burden is upon him to establish it by proof.

2. Where the covenant sued upon contained an agreement on the part of defendant "to devote his whole time and attention to the said corporation business, and is to receive the weekly salary of twenty dollars," and no period of service was specified, either party could end the service at any time.

*Watson* v. *Gugino*, 140 App. Div. 33, reversed.

(Argued February 20, 1912; decided March 8, 1912.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered August 8, 1910, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial.

This action was brought to recover damages from the defendant on account of his alleged breach of a contract made by him with the plaintiff. Upon the trial it appeared

that for some time prior to October, 1904, the firm of
Gugino Brothers, composed of Carmelo and Natale Gugino,
was engaged in the manufacture and sale of macaroni in
the city of Buffalo. They had a plant, machinery and
stock worth about $10,000, of which Carmelo owned two-
thirds and Natale one-third. About the 20th of October,
1904, Carmelo, who was an expert manufacturer of maca-
roni, familiar with the business and acquainted with the
customers, induced the plaintiff, who knew nothing about
the manufacture, business or customers, to purchase the
interest of Natale and he did so, paying therefor the sum
of $3,400 in cash. On the same day that the money was
paid Carmelo and the plaintiff entered into an agreement
of which the following is a copy, the purely formal parts
being omitted:

"The said parties above named have agreed and by
these presents do agree to form and organize a corporation
under and pursuant to the laws of the state of New York,
to carry on and conduct the business heretofore conducted
by Gugino Brothers, and to that end and purpose the
said Carmelo Gugino hereby agrees to put into said cor-
poration, all of his interest and property now owned by
him in said co-partnership of Gugino Brothers, and the
sum of eight hundred dollars ($800) in cash; and the said
Henry W. Watson hereby agrees to put into said corpo-
ration all the property this day sold to him by Natale
Gugino, being said Natale Gugino's interest in said
co-partnership business of Gugino Brothers, and also to
put into said corporation the sum of four hundred dollars
($400.00).

"And the said Carmelo Gugino in the consideration of
the forming and organizing of said corporation, hereby
covenants that the title to all the property used in the
said co-partnership business of Gugino Brothers is free
and clear of any lien or incumbrance, and that the
machinery used in the plant of Gugino Brothers is in
perfect running order and in good repair.

" The said parties further agree that upon the organization of said corporation, sixty-five shares of the stock therein shall and will be issued to Carmelo Gugino, and he is to be President and Manager thereof, one share of stock in said corporation to be issued to Antonio Gugino and he is to be Vice-President of said corporation, one share of stock to be issued to Henry W. Watson, who is to be the Secretary and Treasurer of said corporation, and the remaining thirty-three shares of stock is to be issued to Hiram R. Watson.

"The said Carmelo Gugino further agrees to devote his whole time and attention to the said corporation business, and is to receive the weekly salary of twenty dollars ($20.00) and the said Henry W. Watson is to receive a weekly salary of fifteen dollars ($15.00) and also to devote his entire time, and the said Antonio Gugino is to receive the weekly salary of ten dollars ($10.00) and it is further agreed that the said Henry W. Watson shall have entire charge of the office work and all checks of said corporation to be signed by Treas. and countersigned by the Pres.

" The said Carmelo Gugino hereby gives said Henry W. Watson an option on sixteen shares of stock in said corporation and the said Carmelo Gugino hereby agrees to sell unto the said Henry W. Watson sixteen shares of stock at one hundred dollars per share, at any time within six months, upon demand, and in the event of such transfer of stock, an inventory is to be had and proportionate dividends apportioned at date of transfer, before said transfer.

" Carmelo Gugino further agrees that if by reason of illness or other cause of which said Carmelo Gugino does not now know of, which would necessitate his giving up business, said Carmelo Gugino agrees to provide a person fully as competent as he is, and who is acceptable to said Henry W. Watson, to take his place."

Within a few days after the agreement was executed the

parties organized a corporation under the name of "The Gugino Macaroni Company," each transferred his interest in the firm assets to the corporation and each paid thereto the amount agreed upon. Officers were elected and stock issued in accordance with the terms of the agreement. The directors were the three officers who were also the incorporators. The corporation accepted the property transferred and the money paid to it, and forthwith employed the parties and paid them the salaries agreed upon. For a short time Carmelo attended to his duties, the enterprise prospered and the company made money. Evidence was given tending to show that after a few months had passed Carmelo left the business, at first temporarily under the pretext of sickness and then permanently. He ceased to be either an officer or director. He substituted his brother Natale in his place as manager and not only abandoned the business absolutely, but organized a rival corporation which undersold the Gugino Company and took away its customers. In February, 1906, it was forced out of business and its assets were sold at a sacrifice.

The plaintiff, alleging that he lost the greater part of his investment through the failure of the defendant " to devote his whole time and attention to the said corporation business," as provided in the contract, brought this action to recover $3,400 as damages for the breach of said convenant. While fraud in making the contract is suggested but not distinctly alleged in the complaint, no evidence was given in support of that theory. On the trial at the close of the evidence for the plaintiff the defendant moved to dismiss the complaint substantially on the grounds, among others, that the cause of action, if any, did not belong to the plaintiff but to the corporation and that no period was specified in the contract during which Carmelo was to devote his whole time and attention to the business. The motion was granted, although the plaintiff asked to go to the jury. An excep-

tion was taken to this ruling and no other appears in the record. On appeal the Appellate Division reversed the judgment entered accordingly and granted a new trial. The plaintiff appealed to this court and at first did not give the usual stipulation for judgment absolute but this omission was finally corrected by stipulation and order.

*Thomas E. Boyd, Henry W. Willis* and *Gordon F. Matthews* for appellant.

*Edward C. Randall* for respondent.

VANN, J. The learned justices of the Appellate Division held that the action was not brought by one stockholder against another to recover for corporate losses, and that the covenant of the defendant to devote his whole time and attention to the business of the corporation was personal to the plaintiff. They also held in effect that said covenant required the defendant to continue with the corporation for a reasonable time, and that it was a question of fact for the jury to decide "whether the agreement was broken by the defendant to the damage of the plaintiff." (140 App. Div. 33.)

The defendant claims that while the corporation was not bound by the agreement entered into between its promoters before it was organized it had the power when incorporated to ratify the contract, which, on the happening of that event, became its property so far as it applied to the corporate business and could be enforced by it or against it. He further claims that just before the corporation was formed the plaintiff owned an interest in the copartnership assets worth $3,400 and had the sum of $400 in money, while at the same time the defendant had an interest in the copartnership assets worth $6,800 and had the sum of $800 in money; that pursuant to the contract between the promoters of which the corporation is presumed to have had knowledge, as soon

[204 N. Y.]    Opinion, per VANN, J.    [Mar.,

as it was incorporated they transferred to it their respective interests in the firm property and paid over to it said sums of money; that the corporation promptly accepted said transfers, employed the promoters, who were also the incorporators, at the salaries provided, and thus adopted the contract and made it its own; that the promoters' agreement thereupon became the property of the corporation and imposed upon it a corresponding liability; that the legal interest of the promoters therein then ceased and in the place of such interest and of the property and money transferred they simply owned shares of stock in the corporation; that thenceforward their sole interest was that of stockholders, and that for any subsequent breach by either of the provisions relating to corporate matters the only remedy of the other was through the corporation in an action brought by it, or if it refused to act, or was under hostile control, by a representative action brought by one stockholder in behalf of all, the corporation being made a party defendant.

Much could be said in support of this theory, but a majority of the judges prefer not to consider it, as the order appealed from must be reversed in any event upon another ground.

The covenant sued upon is as follows: "The said Carmelo Gugino further agrees to devote his whole time and attention to the said corporation business, and is to receive the weekly salary of twenty dollars." It is to be observed that no period of service was specified, and even if the stipulation as to "the weekly salary" implies a hiring by the week it would not aid the plaintiff.

The effect of a general contract of hiring, no time being specified, varies in different jurisdictions. In England it is presumed to be a hiring for a year regardless of the nature of the service, unless there is a custom relating to the subject and it appears that the contract was made with reference to the custom. (*Fawcett* v. *Cash*, 3 Nev. & Man. 177; *Littey* v. *Elwin*, 2 Ad. & El. 742; *Davis* v.

*Marshall*, 4 L. T. [N. S.] 216.) In some states a stipulation as to the method of payment, such as weekly, monthly or yearly, is held to denote the period of service contracted for. (*Tatterson* v. *Suffolk Mfg. Co.*, 106 Mass. 56; *Franklin Mining Co.* v. *Harris*, 24 Mich. 116; *Beach* v. *Mullin*, 34 N. J. Law, 343.) In this state the rule is settled that unless a definite period of service is specified in the contract, the hiring is at will and the master has the right to discharge and the servant to leave at any time. In *Martin* v. *New York Life Ins. Co.* (148 N. Y. 117) the defendant employed the plaintiff to take charge of its real estate department at a salary of $5,000 a year. Subsequently his salary was raised to $6,500 and finally to $10,000 a year, payable monthly. We held that the hiring was at will and that the contract could be terminated at any time by either party. Judge BARTLETT, speaking for the court, adopted the language used by Mr. Wood in section 136 of his work on Master and Servant, as follows: "The rule is inflexible, that a general or indefinite hiring is *prima facie* a hiring at will; and if the servant seeks to make it out a yearly hiring, the burden is upon him to establish it by proof. A hiring at so much a day, week, month or year, no time being specified, is an indefinite hiring, and no presumption attaches that it was for a day even, but only at the rate fixed for whatever time the party may serve. * * * A contract to pay one $2,500 a year for services is not a contract for a year, but a contract to pay at the rate of $2,500 a year for services actually rendered, and is determinable at will by either party. Thus it will be seen that the fact that the compensation is measured at so much a day, month or year does not necessarily make such hiring a hiring for a day, month or year, but that in all such cases the contract may be put an end to by either party at any time, unless the time is fixed, and a recovery had, at the rate fixed for the services actually rendered." (p. 121.)

This rule was deliberately adopted, all the judges con-

curring, to settle the differences of opinion which had prevailed in the lower courts. It applies to the contract before us and must control the decision of this appeal, unless the theory of the Appellate Division is correct, that the covenant, under the circumstances, means a hiring for a reasonable time. No authority was cited by the learned court in support of this position. As the contract is in writing, it is presumed to express all that the parties intended. No parol evidence was offered to explain any latent ambiguity. No contract can be implied, because the express contract covers the entire subject-matter. There is nothing in the context to enlarge the covenant, and no stipulation inconsistent with a hiring at will. Even when the contract is read in the light of the surrounding circumstances that the defendant had much experience in the business and the plaintiff none, it does not change the hiring from an unspecified into a specified period of service, or to one for a reasonable time. The other attending circumstance that the interest of the defendant in the business was double that of the plaintiff was doubtless regarded as enough to hold him in his position as manager. When the parties contracted for a hiring at will it is presumed that they meant a hiring at will, and that if they had intended a hiring for a reasonable time they would have said so. Whether the covenant was personal to the plaintiff or finally passed to the corporation, either party could end the service at any time. The right of the master to discharge and of the servant to leave was absolute.

We find no error in the record that justified the action of the Appellate Division, and their order must, therefore, be reversed, and the judgment of the Trial Term affirmed, with costs in both courts.

CULLEN, Ch. J., GRAY, HAIGHT, WERNER, HISCOCK and COLLIN, JJ., concur.

Order reversed, etc.