**EDEN et al. v. MILLER.**

Circuit Court of Appeals, Second Circuit.
January 13, 1930.

No. 56.

Augustus N. Hand, Circuit Judge, dissenting.

A. Bruce Bielaski, of New York City, for appellants.

Martin Conboy, of New York City (David Asch and Charles W. Tooke, both of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above). The defendant insists that his agreement was in legal effect a subscription to $60,000 worth of the capital stock of the corporation, and for his failure to perform such an agreement the plaintiffs have no cause of action. He relies much on the case of Athol Music Hall Co. v. Carey, 116 Mass. 471. In that case the defendant, with others, signed a subscription agreement to take stock in a corporation to be organized and to "pay to the treasurer of said corporation the amount of the several shares set against our respective names." It was held that this amounted to an offer to the corporation, which was incomplete as a contract until the corporation was formed and accepted the offer. It was shown that upon organization the corporation did accept the offer, and its right then to maintain an action against the subscriber for failing to take and pay for the stock for which he had subscribed was upheld. The defendant cites other authority to the same effect, but the Massachusetts case fairly covers his legal position. We disagree only with its applicability to the facts in this case.

This contract is alleged in plain language, and its meaning is in no wise dependent on, or affected by, the fact that the formation of a corporation was one of the things that the plaintiffs agreed to, and did, do in reliance upon the promise of the defendant. Without reading into the contract the interpretation put upon it by the defendant, which requires the assumption of facts which cannot be in the case for consideration without appropriate pleading to that end, we find nothing but a promise made by the defendant directly to the plaintiffs to provide a third party (the corporation to be organized by the plaintiffs) with a definite sum of money to use in doing its business, and to perform certain services for it, all in consideration of the promise of the plaintiffs, made directly to the defendant, that they would organize the corporation, provide it with a certain sum of money or its equivalent with which to do business, and to perform services for it.

While it is possible that the contract has been so alleged that it has a disarming simplicity, which would disappear if the details of performance as agreed upon were before us, we cannot go outside of the record we now have, and must consider only the legal effect of the contract as alleged. It will be noticed that nothing is said about the defendant receiving any stock in the corporation, or any other specific thing in return for what he agreed to do. The sole consideration for his promise was the promise of the plaintiffs. These promises were mutual, and each was a sufficient consideration for the other. Coleman v. Eyre, 45 N. Y. 38; Milliken v. Western Union Telegraph Co., 110 N. Y. 403–412, 18 N. E. 251, 1 L. R. A. 281; Loudenback Fertilizer Co. v. Tenn. Phosphate Co. (C. C. A.) 121 F. 298, 61 L. R. A. 402.

Nor need we determine whether the corporation, as the beneficiary under a contract to which it was not a party, and in which it was not shown to have acquiesced in any way, might, regardless of any stock subscription, maintain an action against the defendant for its breach. Cases on the subject are numerous, and much diversity of opinion is disclosed. We will assume for the purposes of this case, without deciding, that the corporation has such right of action, for the recovery of what damages, if any, it has sustained. We are concerned now only with the right of the plaintiffs, as promisees, to maintain an action against the defendant, as promisor, to recover their, not the corporation's, damages, where the promise is for the benefit both of the plaintiffs and of a third party, who may or may not sue. The obvious benefit to be obtained by the plaintiffs was the establishment of a freight-forwarding business, having the likelihood of success afforded by the promised assistance of the defendant, whereby they were to obtain employment for themselves and an opportunity for investment.

Because they performed their promises by organizing the corporation, taking employment, and making an investment in it, in reliance upon the now broken promise of the defendant to give to the business both finan-

cial and personal aid, they claim to have been damaged. For such damage as they can prove, they may recover, regardless of any cause of action the corporation may have against the defendant. Their right is analogous to that of a debtor, with whom a third person has contracted to pay the debt to the creditor. That such a promisee may maintain an action against the promisor for breach is, I suppose, generally recognized. In re H. L. Herbert & Co. (C. C. A. 2d) 262 F. 682; Wright v. Chapin, 87 Hun, 144–148, 33 N. Y. S. 1068; Ward v. Cowdrey, 51 Hun, 641, 5 N. Y. S. 282; Belloni v. Freeborn et al., 63 N. Y. 383; Baldwin v. Emery, 89 Me. 496, 36 A. 994. Compare Ritchie v. McMullen (C. C. A.) 79 F. 522; and Clark v. Sidway, 142 U. S. 682, 12 S. Ct. 327, 35 L. Ed. 1157.

The defendant also insists that that part of the agreement covered by his promise to use his best efforts to secure business for the corporation was but an indefinite undertaking to serve at will, for the breach of which no action will lie. Martin v. New York Life Insurance Co., 148 N. Y. 117, 42 N. E. 416; Watson v. Gugino, 204 N. Y. 535, 98 N. E. 18, 39 L. R. A. (N. S.) 1090, Ann. Cas. 1913D, 215. Since the case must be reversed anyway, we are content on this point merely to suggest that the cases relied on by the defendant deal with contracts of employment wholly executory on both sides. This contract is no more executory than is any contract which has been wholly carried out by one party and completely broken by the other.

Judgment reversed.

AUGUSTUS N. HAND, Circuit Judge (dissenting). In view of the contents of the bill of particulars and especially Exhibit A thereof, I can feel no doubt that the parties contracted with one another to subscribe for stock of the corporation to be formed to the amount of $100,000. The allegations of the complaint, that the plaintiffs agreed to provide $40,000 as working capital, and the defendant agreed to provide $60,000 as working capital, are therefore necessarily to be construed as relating to subscriptions for stock of the corporation afterwards organized.

After the corporation came into being, it could have ratified the agreement of the parties, and could have sued the defendant for failure to pay his subscription of $60,000. The case comes up only on a motion to dismiss the complaint, which contains no allegation that the company accepted or ratified the subscription. It may perhaps, therefore, be assumed that the company did not choose to do this. But it can make no difference whether there was acceptance or not.

If the company had given its acceptance, it would have been the only person entitled to sue for such breach, because the agreement for furnishing working capital was to pay a subscription to the company for corporate stock and nothing else. But the agreement would have no other practical effect, if the corporation failed to ratify the promoters' contract. Performance was to be to and for the company, and the company alone could recover damages in case of default. Any rights which plaintiffs have are derivative, and must be worked out through their stock interest in the company. Green v. Victor Talking Mach. Co. (C. C. A.) 24 F. (2d) 378, 59 A. L. R. 1091.

But it seems to be argued that the fact that the defendant had agreed to use his best efforts to secure business for the corporation and had neglected to do this, whereas the plaintiffs had used their best efforts, in some way affects the case. An indefinite undertaking without term or limit cannot in any legal sense be the subject of an executory contract. Martin v. New York Life Insurance Co., 148 N. Y. 117, 42 N. E. 416; Watson v. Gugino, 204 N. Y. 535, 98 N. E. 18, 39 L. R. A. (N. S.) 1090, Ann. Cas. 1913D, 215. A temporary performance of services by the plaintiffs surely gave rise to no obligation under the contract. Nor would any right of action in quasi contract be created thereby. Such a cause of action would have to be based upon unjust enrichment. The corporation was the only person enriched by plaintiffs or at their expense, and the corporation is not a party to the action.

It may be added that, according to some authorities, the defendant had a right to withdraw from his agreement to take stock until the corporation had been organized and had accepted the subscription, and no acceptance appears to have been given. Williston on Contracts, § 118; Bryant's Pond Steam Mill Co. v. Felt, 87 Me. 234, 32 A. 888, 33 L. R. A. 593, 47 Am. St. Rep. 323; Hudson Real Estate Co. v. Tower, 161 Mass. 10, 36 N. E. 680, 42 Am. St. Rep. 379. If such be the correct theory, no contract enforceable against any one has been pleaded.

Higgins v. Applebaum, 186 App. Div. 682, 174 N. Y. S. 807, is inapplicable to the present facts, because the contract there involved more than a promise to pay the de-

fendant's subscription, for it also provided that the defendant should pay part of the plaintiffs' own stock subscription. In such a situation the promisee could sue and recover in the same way that he can do where a promisor agrees to discharge the debt of the promisee to a third person. Williston on Contracts, § 361; Alexander v. McPeck, 189 Mass. 34, 75 N. E. 88; Fairfield v. Day, 71 N. H. 63, 51 A. 263.

Because the contract, so far as it had any validity, was a stock subscription contract, and because the performance of all its promises was to run only to the corporation, the plaintiffs could suffer no damage from any breach other than that derived through their stock ownership. Any action to recover damages should be brought by the corporation which is apparently under the plaintiffs' control.

In my opinion, the complaint was properly dismissed, and the judgment should be affirmed.