ROBERT HOROWITZ, Respondent, *v.* LA FRANCE INDUSTRIES, INC., Appellant.

First Department, June 21, 1948.

*Joseph Calderon* of counsel (*Stanley S. Neustadt* with him on the brief; *Bergerman & Hourwich,* attorneys), for appellant.

*Milton Seaman* for respondent.

COHN, J. The action was brought to recover commissions allegedly due plaintiff and to recover upon a running account. Defendant was a corporation engaged in the manufacture and sale of upholstery fabrics. The answer contained a general

denial, and also pleaded a defense of modification of the terms of the employment and an account stated.

Plaintiff was employed as a salesman on a commission basis. The arrangement was oral and no definite term of employment had been agreed upon. Branch managers who supervised the salesmen, such as the plaintiff, would themselves make sales, but only to furniture manufacturers. These branch managers also received commissions on sales.

On January 23, 1945, defendant's general sales manager, Harry G. Mann, called a meeting of the New York branch office, to which plaintiff had been assigned, and informed the salesmen, including plaintiff, that because of the new allocation of civilian material the salesmen beginning as of January 1, 1945, would receive statements showing a 10% reduction on the amount due them at the end of each month. This 10% would then go to the branch manager to compensate him for his loss of commissions because of the reallocation.

Plaintiff's employment at the reduced rate continued until March 19, 1946. Each month he and the other salesmen were paid by check which was accompanied by a commission statement showing how the amount was computed and bearing a notation that 10% was deducted pursuant to " Mr. Mann's letter of 1/23/45 ". Plaintiff accepted and retained these statements and the payments thereunder month after month. After he left defendant's employ he instituted this action to recover the amount so deducted.

It is urged upon this appeal that the arrangement made by Mr. Mann was illegal.

Plaintiff was engaged by defendant under an oral agreement without any specified duration. The contract was, therefore, one terminable at will by either party. (*Watson* v. *Gugino*, 204 N. Y. 535, 541; *Martin* v. *New York Life Ins. Co.*, 148 N. Y. 117, 121.) If it were terminated, the plaintiff could be rehired upon a new understanding. In a word, the contract of hiring could be modified and different compensation rates could be fixed. Were plaintiff dissatisfied with the new arrangement, he would have had a perfect right to leave his employment. However, he accepted the new terms and continued in his position. His acceptance of the new scale of compensation amounted to an assent on his part. (*McClain* v. *Schofield*, 74 Hun 437, 441, affd. 148 N. Y. 733.)

In *Donnellan* v. *Halsey* (114 N. J. L. 175, 179, 180) the court said (p. 179):

"The contract in the instant case was, however, made under and in pursuance of the laws of the State of New York; it is therefore governed by the laws of that state. It appears to be the settled law of that state that unless a definite period of service is specified in the contract the hiring is at will and the master has the right to discharge and the servant to leave, at any time. See *Martin* v. *The New York Life Insurance Co.*, 148 *N. Y.* 117; *Watson* v. *Gugino*, 204 *Id.* 535; *Arentz* v. *Morse Dry Dock and Repair Co.*, 249 *Id.* 439.

"Thus, if the relationship existing between the parties was based on a contract, such as is involved herein, terminable at the will of each party, it necessarily follows that it was subject to modification at any time as a condition of its continuance. The contract was modified in 1927 and 1929 and as modified was accepted by appellant. And as accepted by appellant was fully performed by the respondents."

Plaintiff has characterized the arrangement for the modified commissions rates as a " kick-back ". That term is to be found in section 962 of the Penal Law, which makes it a criminal offense for employers and others under threats of discharge to receive the return of part of a laborer's wages as a condition for procuring or retaining employment. The deduction of the 10% made here, expressly recorded on each monthly commissions statement, was in no sense a payment or a " kick-back " to plaintiff's employer. Here there was merely an adjustment of compensation in the regular course of business which had not the slightest connotation of evil. To call this an illegal " kick-back " would be to place stress upon form or nomenclature rather than substance.

As the new arrangement with respect to pay was made almost at the end of the month of January, 1945, and after commissions without deduction for that month had already been earned, there was no consideration for the deduction of 10% of plaintiff's commissions for January, 1945. However, his claim for a return of commissions for the months following January, 1945, is without merit. He is entitled only to judgment for commissions deducted for the month of January, 1945.

The determination of the Appellate Term and the judgment of the Municipal Court in favor of the plaintiff should be modified by reducing the judgment to the sum of $46.63, with interest from January 23, 1945, and, as so modified, affirmed, with costs in this court and in the Appellate Term to appellant.

PECK, P. J., GLENNON, CALLAHAN and SHIENTAG, JJ., concur.

Determination of the Appellate Term and judgment of the Municipal Court unanimously modified by reducing the judgment to the sum of $46.63, with interest from January 23, 1945, and as so modified affirmed, with costs in this court and in the Appellate Term to the appellant. Settle order on notice.