**C. Severin BUSCHMANN, Jr., Plaintiff-Appellant,**

**v.**

**PROFESSIONAL MEN'S ASSOCIATION, Defendant-Appellee.**

No. 16865.

United States Court of Appeals
Seventh Circuit.

Jan. 3, 1969.

---

40.   See Dent v. St. Louis-San Francisco Ry. Co., 265 F.Supp. 56, 62 (N.D.Ala.1967).

C. Severin Buschmann, Donald A. Schabel, Indianapolis, Ind., for plaintiff-appellant; Buschmann, Carr & Schabel, Indianapolis, Ind., of counsel.

Erle A. Kightlinger, Howard J. De-Trude, Jr., Robert A. Garelick, Indianapolis, Ind., for defendant-appellee; Kightlinger, Young, Gray & Hudson, Indianapolis, Ind., of counsel.

Before SWYGERT, FAIRCHILD and CUMMINGS, Circuit Judges.

SWYGERT, Circuit Judge.

Plaintiff, C. Severin Buschmann, Jr., appeals from the district court's judgment dismissing his second amended complaint on the ground that it failed to state a claim upon which relief could be granted. Buschmann brought this action to recover damages which were alleged to have arisen out of a breach of contract by the defendant, Professional Men's Association, Inc.

The facts as alleged by Buschmann which give rise to this lawsuit are that prior to March 30, 1965, Professional Men's Association of Indiana and Kentucky, Inc., a Kentucky Corporation (Old Corporation), was engaged in the business of financing and collecting medical, dental, and other professional fees for services rendered by doctors and dentists. The corporation further financed hospitals, clinics, and other medical accounts and the purchase of medical and dental equipment and facilities. This corporation operated under a franchise from the defendant and conducted its business under a procedure known as P. M.A. Plan of Operation.

At that time, Old Corporation was indebted to Merchants National Bank & Trust Company, Indianapolis, Indiana (Bank), in the sum of $40,000, which indebtedness had been guaranteed by the plaintiff and his wife. Old Corporation was also indebted to the plaintiff in the sum of $100,000 which he had borrowed from the Bank and reloaned to Old Corporation.

As security for the said indebtedness of Old Corporation to Buschmann, Old Corporation had given Buschmann a security interest in all of the assets of Old Corporation. This security interest, consisting of notes and accounts receivable from patients to hospitals, doctors, and dentists which had been assigned and endorsed to Old Corporation, was duly perfected.

Because Old Corporation was in default under the terms and conditions of its security agreement, on March 30, 1965, Buschmann took possession of Old Corporation's notes and accounts receivable, which amounted to $377,000. Pursuant to his rights under the Uniform Commercial Code, Buschmann claims he had the right to collect and dispose of this collateral and to use the proceeds to satisfy the $140,000 in loans that he was obligated to pay the Bank.

At this point the defendant intervened and represented to Buschmann that liquidation of Old Corporation by him would injure the defendant's business and that the defendant desired to continue the operation of the business formerly carried on by the Old Corporation. In addition, the defendant further represented to Buschmann that it did not want to assume operation of Old Corporation directly until the $140,000 indebtedness had been eliminated, because the defendant did not want to show the indebtedness as a liability on its balance sheet. As an interim arrangement the defendant proposed that a new corporation be set up to operate the business until the indebtedness had been paid off out of operating revenues. The defendant represented that it would then merge the new corporation into itself.

To implement this understanding, on April 23, 1965 the defendant, Buschmann, and the Bank entered into a contract, which is the foundation of this litigation. The contract provided that a new corporation, Indiana Professional Men's Association, Inc. (New Corporation), was to be formed and to take over the assets and business of Old Corporation. Old Corporation's $140,000 indebtedness was to be secured by the assets of New Corporation. The parties

agreed that the defendant would operate or manage the New Corporation and certain individuals would comprise the board of directors. It was provided further that if the operations of New Corporation were successful, it would be merged into the defendant. To cover this contingency, the stock of New Corporation was issued in Buschmann's name and an option was given to the defendant to acquire it from Buschmann.

Pursuant to the terms of this contract, New Corporation was organized and Buschmann transferred all of the assets of Old Corporation in which he held an interest to New Corporation. The Bank became a creditor of New Corporation for the sum of $140,000 which was unconditionally guaranteed by Buschmann and his wife. On May 3, 1965, New Corporation entered into a security agreement with the Bank whereby the Bank was granted a security interest in the accounts receivable and proceeds then owned and thereafter to be acquired by New Corporation as security for the $140,000 indebtedness of New Corporation to the Bank.

About one year later, on June 22, 1966, the Bank, deeming itself insecure, called its loan to New Corporation and demanded payment in full by August 1, 1966. On that date, the defendant refused to permit New Corporation to make the payment and the indebtedness went into default. Thereupon, the Bank demanded payment by Buschmann of the note under his guaranty. Upon payment of the interest due, the Bank agreed not to proceed against Buschmann and his wife, but required them to sign the note as comakers.

On August 19, 1966, the Bank exercised its rights under the terms of its security agreement and demanded that New Corporation surrender possession of the collateral covered by the security agreement to the Bank. This demand was refused by New Corporation because the collateral had been dissipated.

Since August 1, 1966, Buschmann has paid the interest on the defaulted note and has sustained a liability of $140,000 by reason of Old Corporation's refusal to pay. After alleging the foregoing facts, Buschmann asserts that the contract of April 23, 1965 contained an implied promise by the defendant not to misuse its control over New Corporation so as to prevent New Corporation from fulfilling its obligations to the Bank under the security agreement and that the defendant breached this implied promise to the detriment of Buschmann. It is also alleged that the defendant further breached the contract in that it liquidated the business in violation of the express provisions of the contract.

In granting the motion to dismiss, the court held that the duty assumed by the defendant under the contract to operate and manage the business of New Corporation and the implied promise not to misuse its control over New Corporation so as to prevent New Corporation from fulfilling its obligation to the Bank under the security agreement ran directly to New Corporation and that Buschmann had no right to sue thereon after the adoption of the contract by New Corporation. The court also held that the contract itself was sufficient to resolve the issues raised in the complaint and that the circumstances surrounding the contract were unnecessary to consider.

■■■ Since we are reviewing the dismissal of a complaint, the well pleaded material allegations of the complaint must be taken as admitted. Underlying our determination is the general rule that a complaint should not be dismissed for insufficiency unless it appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. Central Ice Cream Co. v. Golden Rod Ice Cream Co., 257 F.2d 417 (7th Cir. 1958); Jung v. K. & D. Mining Co., 260 F.2d 607 (7th Cir. 1958). Recognizing that under Fed.R.Civ.P. 8(f) the pleadings should be liberally construed to do substantial justice, we turn to the complaint before us.

■■■ Although, as Buschmann concedes, a cause of action for mismanage-

ment exists in favor of New Corporation against the defendant, the facts set forth in the complaint also allege a wrong to Buschmann in his individual capacity, and not merely as a stockholder of New Corporation. It is well settled that an individual cause of action can be asserted when the wrong is both to the stockholder as an individual and to the corporation. White v. First Nat. Bank, 252 Pa. 205, 97 A. 403 (1916); Sutter v. General Petroleum Corp., 28 Cal.2d 525, 170 P.2d 898, 167 A.L.R. 271 (1946). Commentators likewise have recognized such a right: "A stockholder may sue as an individual where the act complained of creates not only a cause of action in favor of the corporation but also creates a cause of action in favor of the stockholder as an individual, as where the act is in violation of duties arising from contract or otherwise. * * *" 13a Fletcher, Cyclopedia Corporations, § 5921 (rev. ed. 1954).

The leading case which stands for the proposition that a stockholder's right to maintain a personal action against a third person may be unaffected by a corporation's right of action for the same wrong is Eden v. Miller, 37 F.2d 8 (2d Cir. 1930). In *Eden* it appeared from the complaint that the plaintiffs entered into an oral agreement with the defendant by the terms of which a corporation to engage in freight forwarding was to be organized, financed, and operated. The plaintiffs agreed to, and did, organize the corporation, provided it with $40,000 in cash as working capital, entered its employ, and devoted their best efforts to its management and operation. The defendant agreed to provide the corporation with $60,000 in cash as working capital and to use his best efforts to secure business for it. The complete breach of the contract on the part of the defendant was alleged with resulting damages to the plaintiffs. The defendant moved to dismiss on the ground that the complaint failed to state a cause of action maintainable by the plaintiffs. The court granted the mo-

tion and plaintiffs appealed. In reversing, the court of appeals said:

> We will assume for the purposes of this case, without deciding, that the corporation has such right of action, for the recovery of what damages, if any, it has sustained. We are concerned now only with the right of the plaintiffs, as promisees, to maintain an action against the defendant, as promissor, to recover their, not the corporation's, damages, where the promise is for the benefit both of the plaintiffs and of a third party, who may or may not sue. The obvious benefit to be obtained by the plaintiffs was the establishment of a freight-forwarding business, having the likelihood of success afforded by the promised assistance of the defendant, whereby they were to obtain employment for themselves and an opportunity for investment.
>
> Because they performed their promises by organizing the corporation, taking employment, and making an investment in it, in reliance upon the now broken promise of the defendant to give to the business both financial and personal aid, they claim to have been damaged. *For such damage as they can prove, they may recover, regardless of any cause of action the corporation may have against the defendant.* (Emphasis added.) 37 F.2d at 9–10.

In the case at bar, Buschmann and the Bank entered into a contract with the defendant whereby Buschmann agreed to form a corporation, to transfer assets to it in exchange for its common stock, and to guarantee the indebtedness of the corporation to the Bank. The defendant agreed to operate and manage the business of New Corporation. The complaint alleges that the plaintiff fully performed his part of the contract, but that the defendant breached the contract by mismanaging the business and by diverting the assets to its own uses. By reason of the breach, Buschmann alleges that he will be compelled to pay the cor-

poration's indebtedness to the Bank and has been deprived of the value of the assets that he transferred to the corporation.

 Notwithstanding the fact that the corporation has a cause of action against the defendant for mismanagement, Buschmann has a personal cause of action against the defendant to recover damages for breach of the contract, even though the corporate cause of action and Buschmann's cause of action result from the same wrongful acts. The defendant made promises directly to Buschmann the breach of which gave rise to a cause of action. Buschmann's cause of action is manifestly personal and not derivative since his liability to pay the corporation's indebtedness to the Bank, which is his principal item of damage, does not arise from his status as a stockholder of the corporation.

The defendant relies heavily on the case of Smith v. Parker, 148 Ind. 127, 45 N.E. 770 (1897), to support its position that its obligation not to misuse control over New Corporation gave no personal right of action to Buschmann for its breach. That case, however, is distinguishable on its facts. The *Smith* case involved an action for breach of contract to furnish a new corporation money. The court properly dismissed the complaint because the contract sued upon expressly provided that the defendant's promise to advance money ran in favor of the corporation and not the plaintiff, who was originally a promoter and later a stockholder. The stockholder-plaintiff sustained no damage separate from that sustained by the corporation.

However, in the case before us, the plaintiff seeks only damages which he sustained individually. Although the acts complained of may also constitute a good corporate action, Buschmann seeks the damages which resulted when he became obligated to pay the $140,000 indebtedness of New Corporation. These damages complained of were not sustained by New Corporation and thus could not have been asserted by New Corporation in an action against the defendant.

 Because the contract in issue is not unambiguous on its face, it is necessary for the district court to consider all the circumstances that gave rise to its existence before attempting to interpret it. Necessarily, this will involve questions of fact, and it is well settled that it is improper for a court to decide a question of fact on a motion to dismiss for failure to state a claim. Dow v. Shoe Corp., 276 F.2d 165 (7th Cir. 1960).

For the foregoing reasons, the district court's grant of the defendant's motion to dismiss was error. The judgment of the district court is reversed and the case is remanded for further proceedings.