Appeal by defendant from so much of a judgment as was entered on the jury’s verdict in favor of the plaintiff on the first cause of action alleged in the complaint, and from an order denying its motion to dismiss the first cause of action and to set aside the jury’s verdict. Judgment and order, insofar as appealed from, reversed on the law and the facts, with costs, the defendant’s motion to dismiss the first cause of action alleged in the complaint granted, and said first cause of action dismissed on the law, without costs. The first cause of action alleges, in substance, and the jury could have found upon sufficient proof, that plaintiff was induced to accept a reduction in his rate of compensation as an advertising manager employed by defendant, because of defendant’s false and fraudulent representations that such a reduction'was necessary to placate the Salary Stabilization Board of the United States Treasury Department. Concededly, however, plaintiff’s contract of employment during the entire period involved herein was oral, was for no fixed duration and could have been terminated by either party at any time; and the terms of compensation at all times could have been altered by defendant without assigning any reason therefor. (Cf. Horowitz v. La France Industries, 274 App. Div. 46.) It is not disputed that even after the reduction in the rate at which plaintiff’s compensation was to be computed, plaintiff’s earnings were greater than they had been prior to such reduction. It was not alleged in the complaint, nor was it established on trial, that plaintiff was induced to remain in defendant’s employ by the false representations complained of, or would have resigned if he had known the truth at the time when such representations were made. Neither was it alleged, or established on trial, that the services performed by plaintiff, after the reduction in the rate of his compensation, were greater in value than the payment which he received therefor. Plaintiff was not deprived, by the reduction in his rate of compensation, of any contractual right to receive payment computed at a higher rate, and there was no proof that defendant would have continued to pay plaintiff at the higher rate if he had not consented to the reduction. Plaintiff has not proved that he was damaged by the false representations complained of, and consequently has not established a cause of action. (Cf. Deobold v. Oppermann, 111 N. Y. 531.) Nolan, P. J., Carswell,' Sneed, Wenzel and MaeCrate, JJ., concur.